IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Court of Appeals No. 20-10072 |
| | ) |
| Plaintiff, | ) District Court No. 19-00012 |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL LOUIS MCCARRON, | ) |
| | ) |
| _____ Defendant. | ) |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JOAQUIN V.E. MANIBUSAN, JR.,
MAGISTRATE JUDGE
APRIL 11, 2019; 1:32 P.M.
HAGATNA, GUAM

**Bail Hearing**

Proceedings recorded *electronically.*

Veronica F. Flores, CSR-RPR
Official Court Reporter
520 W. Soledad Avenue
Hagatna, Guam 96910
veronica_flores@gud.uscourts.gov

APPEARANCES


Appearing on behalf of plaintiff:


OFFICE OF THE UNITED STATES ATTORNEY
BY: J. JUSTIN COLLINS, SPECIAL ASSISTANT USA
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
(671) 472-7332


Appearing on behalf of defendant:


OFFICE OF THE FEDERAL PUBLIC DEFENDER
BY: JOHN T. GORMAN, FPD
400 Route 8, Suite 501
FHB Building
Mongmong, Guam 96910
(671) 472-7111


ALSO PRESENT:

Michael McCarron, Defendant

Trina Duenas, Probation

Veronica F. Flores, CSR-RPR
Official Court Reporter
520 W. Soledad Avenue
Hagatna, Guam 96910
veronica_flores@gud.uscourts.gov

Case 1:19-cr-00012   Document 93   Filed 04/28/20   Page 2 of 19

I N D E X

| | Page |
|---|---|
| Court appointed FPD to represent defendant | 5 |
| Trial set for June 18, 2019 at 10:00 a.m. | 7 |
| Court ordered defendant released with conditions | 18 |

Veronica F. Flores, CSR-RPR
Official Court Reporter
520 W. Soledad Avenue
Hagatna, Guam 96910
veronica_flores@gud.uscourts.gov

|     |                                                                              |
| --- | ---------------------------------------------------------------------------- |
| 1   | April 11, 2019; 1:32 p.m.; Hagatna, Guam                                      |
| 2   | * * *                                                                        |
| 3   |                                                                              |
| 4   | THE CLERK:  Criminal Case No. 19-00012, *USA*                                |
| 5   | *versus Michael Louis McCarron*; Initial Appearance on an                    |
| 6   | Indictment and Arraignment.                                                  |
| 7   | Counsel, please state your appearances.                                      |
| 8   | MR. COLLINS:  Good afternoon, Your Honor,                                    |
| 9   | Special Assistant U.S. Attorney Justin Collins for the                       |
| 10  | United States.                                                               |
| 11  | THE COURT:  Good afternoon.                                                  |
| 12  | MR. GORMAN:  Buenas and hafa adai, Your                                      |
| 13  | Honor, John Gorman, Federal Public Defender, for                             |
| 14  | Mr. McCarron.  He's now seated to my right.                                  |
| 15  | THE COURT:  All right.  Good afternoon.  And                                 |
| 16  | the Court notes the presence of Mr. McCarron and, sir,                       |
| 17  | you're making your initial appearance before the Court                       |
| 18  | based upon an indictment that's been filed herein and                        |
| 19  | that was filed on March 6, 2019 charging you in Count 1                      |
| 20  | with offense of attempted enticement of a minor and in                       |
| 21  | Count 2 for the offense of attempted transfer of obscene                     |
| 22  | material to a minor for matters an events as they are                        |
| 23  | more particularly stated in the indictment, and with the                     |
| 24  | indictment containing a notice of forfeiture.                                |
| 25  | Mr. McCarron, have you seen or received a copy of the                        |

| | |
|---|---|
| 10:17:20 | 1 |

indictment, sir?

THE DEFENDANT: Yes, I have, Your Honor.

THE COURT: All right. And let the record
show that I have received from you a financial affidavit
dated April 10, 2019 in which you attest as true under
penalty of perjury the information contained therein.
So based upon the financial affidavit, the Court will
appoint the federal public defender to represent you in
this matter, and that office is represented by
Mr. Gorman who is sitting to your left. So the Court
will be signing and is signing the appointment order.
The federal public defender is hereby appointed to
represent you in this matter.

And for purposes of arraignment, are we
ready to proceed with arraignment or --

MR. GORMAN: Yes, Your Honor.

THE COURT: We are?

MR. GORMAN: We have changed our mind and we
are ready to proceed to the arraignment.

THE COURT: All right. And at this time,
let me ask that Mr. McCarron be placed under oath for
purposes of being arraigned by the Court.

THE CLERK: Please raise your right hand.
You do solemnly swear to tell the truth, the whole
truth, and nothing but the truth, so help you God?

| | | |
|---|---|---|
| 10:18:34 | 1 | THE DEFENDANT: I do. |
| 10:18:34 | 2 | THE CLERK: Thank you. You may be seated. |
| 11:32:54 | 3 | And if I could have you state your full name |
| 11:32:59 | 4 | and spell your last name for the record. |
| 11:33:00 | 5 | THE WITNESS: It's Michael Louis McCarron |
| 11:33:02 | 6 | M-C-C-A-R-R-O-N. |
| 11:33:08 | 7 | THE COURT: And Mr. McCarron, if I can ask |
| 11:33:10 | 8 | you, sir, how old you are? |
| 11:33:11 | 9 | THE DEFENDANT: I'm 34 years old. |
| 11:33:13 | 10 | THE COURT: Okay. And, sir, in terms of |
| 11:33:14 | 11 | your education, how far did you go in school? |
| 11:33:19 | 12 | THE DEFENDANT: Approximately two years of |
| 11:33:20 | 13 | college. |
| 11:33:20 | 14 | THE COURT: Okay. And are you currently or |
| 11:33:52 | 15 | have you recently been under the care of a doctor or a |
| 11:33:56 | 16 | psychiatrist or been hospitalized or treated for any |
| 11:34:00 | 17 | narcotics addiction? |
| 11:34:01 | 18 | THE DEFENDANT: Not recently. |
| 11:34:02 | 19 | THE COURT: Okay. And have you taken any |
| 11:34:04 | 20 | drugs, medicine, pills or alcohol in the past 24 hours? |
| 11:34:07 | 21 | THE DEFENDANT: No, sir. |
| 11:34:08 | 22 | THE COURT: Okay. And, sir, you've |
| 11:34:10 | 23 | indicated you've seen a copy of the indictment. Have |
| 11:34:13 | 24 | you had some opportunity, even a small amount of time, |
| 11:34:15 | 25 | to discuss the charges therein with your attorney? |

| | | |
|---|---|---|
| 11:34:18 | 1 | THE DEFENDANT: Yes, sir. |
| 11:34:19 | 2 | THE COURT: And as to the charge, do you |
| 11:34:24 | 3 | wish to waive reading of the indictment and are prepared |
| 11:34:27 | 4 | to enter a plea, Mr. Gorman? |
| 11:34:29 | 5 | MR. GORMAN: Yes, Your Honor. We waive |
| 11:34:30 | 6 | reading of the indictment and enter a plea of not guilty |
| 11:34:32 | 7 | to both counts. |
| 11:34:34 | 8 | THE COURT: And the Court will enter |
| 11:34:37 | 9 | Mr. McCarron's plea of not guilty to the charges against |
| 11:34:39 | 10 | him in the indictment. And having entered his plea of |
| 11:34:42 | 11 | not guilty, the Court will set this matter for trial. |
| 11:34:47 | 12 | Trial will take place on June 18, 2019, at 10:00 a.m., |
| 11:34:56 | 13 | with jury selection. |
| 13:53:51 | 14 | And the Court will order that there be an |
| 13:53:55 | 15 | exchange of discovery pursuant to criminal local Rule |
| 13:54:01 | 16 | 16, with the government's discovery being due April 18 |
| 13:54:05 | 17 | and the defendant's discovery being due May 2. And the |
| 13:54:10 | 18 | Court will order that all pretrial motions, including |
| 13:54:16 | 19 | discovery, in limine, suppression and dismissal motions, |
| 13:54:20 | 20 | that these motions be filed no later than May 16, and if |
| 13:54:24 | 21 | filed on May 16th, the opposition to the motion is due |
| 13:54:28 | 22 | May 23. And likewise, the reply to the opposition is |
| 13:54:32 | 23 | due May 30th. And should the matter go to trial, the |
| 13:54:37 | 24 | Court will order the government to file a trial brief |
| 13:54:39 | 25 | herein no later than May 28 with the defendant to file a |

13:54:45 1 response or opposition brief no later than June 4th.

13:54:51 2 And the Court will also order all trial documents to be

13:54:55 3 filed by June 4. And the Court will conduct a pretrial

13:55:02 4 conference on June 11, 2019, at 9:30. And any motion

13:55:08 5 filed and not previously heard by the Court will also be

13:55:11 6 heard at the pretrial conference. And again, that's

13:55:15 7 June 11 at 9:30 in the morning. So once again, trial

13:55:21 8 and jury selection, June 18, 2019 at 10:00 a.m. and the

13:55:25 9 Court is signing the trial scheduling order and ask the

13:55:34 10 parties to be guided by the trial scheduling order

13:55:36 11 accordingly.

13:55:39 12          And in this matter, the Court has received a

13:55:41 13 pretrial services from the government and we're prepared

13:55:46 14 to discussion bail issue today. All right. Mr. Gorman?

13:55:49 15          MR. GORMAN: Yes, Your Honor. We concur

13:55:52 16 with the probation officer's report. The only thing is

13:55:56 17 we have kind of a problem in that the electronic

13:55:59 18 monitoring, which is mandated by law, is a problem here.

13:56:05 19 It wasn't a problem in Idaho because they have the GPS

13:56:11 20 and they don't have that here. Here you need a

13:56:14 21 dedicated phone line. So what we are now proposing is

13:56:17 22 all the conditions -- he was released on the 21st of

13:56:19 23 March by the magistrate in Idaho with a long laundry

13:56:24 24 list of conditions, 20 all together, and the same

13:56:28 25 conditions we have no objections to here, but that he be

13:56:32    1    allowed to travel back to Idaho.  The reason being is

13:56:37    2    that way, he can work and help support the family.

13:56:43    3    Also, it's much easier in terms of the electronic

13:56:46    4    monitoring there because they do have the GPS system.

13:56:50    5    Positive things in his favor is he was on release from

13:56:53    6    the 21st of March until he left to come out here last

13:56:59    7    Monday and he was excellent and totally in compliance

13:57:02    8    with his pretrial release there in Idaho.  So we

13:57:06    9    anticipate no problems, that he will continue to be

13:57:10   10    fully compliant with all his release conditions if he

13:57:14   11    goes back to Idaho.  Then of course he would come back

13:57:18   12    for -- he will be coming back for trial.  So that's our

13:57:20   13    request.  I think that's consistent with probation,

13:57:26   14    yeah.

13:57:29   15              THE COURT:  Sir, you live in Boise?

13:57:32   16              THE DEFENDANT:  I do, Your Honor.

13:57:34   17              THE COURT:  And you have appeared before

13:57:37   18    Chief Judge Bush there?

13:57:38   19              THE DEFENDANT:  Yes, Your Honor.

13:57:46   20              (Pause.)

13:57:55   21              THE COURT:  And the government and probation

13:57:56   22    concurs in that recommendation to return to Boise?

13:58:00   23              PROBATION OFFICER:  Your Honor, we would

13:58:01   24    request a short continuance to communicate with the

13:58:04   25    pretrial office there and confirm that they would accept

13:58:07　1　supervision of him.

13:58:12　2　　　　　THE COURT:　All right.　That was my concern.

13:58:18　3　So in order for the process to work, the probation

13:58:24　4　office here has to contact the probation office there

13:58:26　5　and I guess solicit their support for purposes of

13:58:32　6　agreeing to supervise Mr. McCarron?

13:58:35　7　　　　　PROBATION OFFICER:　Yes, Your Honor.

13:58:36　8　　　　　THE COURT:　And how long does that process

13:58:38　9　take?

13:58:39　10　　　　　PROBATION OFFICER:　Um, this would be

13:58:42　11　probably faster than normal because he was already

13:58:44　12　supervised there and there was an officer assigned so we

13:58:47　13　could just try to make contact with her directly, but

13:58:50　14　um, I don't know exactly how long it will take.

13:58:54　15　　　　　THE COURT:　Do you anticipate any problem

13:58:56　16　with them perhaps re-supervising Mr. McCarron if the

13:59:01　17　Court orders him to go back to Boise, awaiting trial?

13:59:06　18　　　　　PROBATION OFFICER:　It would normally be the

13:59:08　19　procedure to request the supervision without -- not just

13:59:11　20　-- especially in a case like this, we would make the

13:59:15　21　contact first.

13:59:16　22　　　　　THE COURT:　But do you anticipate any

13:59:17　23　problem in that process?

13:59:19　24　　　　　PROBATION OFFICER:　I don't, but I would

13:59:20　25　still like to communicate with their office.

13:59:22  1          THE COURT:  True, true, we can't force them

13:59:45  2   to accept supervision.  Umm...

13:59:50  3          MR. GORMAN:  We have no objection to a

13:59:51  4   continuance until tomorrow.  As I say, my inclination is

13:59:57  5   that he was excellent and they were very happy with him,

14:00:00  6   they have a very good relationship.  Even while he was

14:00:02  7   flying out here, he called from the airports in the

14:00:05  8   mainland and in Hawaii and when he arrived here, so if

14:00:08  9   we want to continue it till tomorrow, because he's

14:00:13 10   planning on going back Sunday, we would certainly have

14:00:16 11   no objection.

14:00:16 12          THE COURT:  Okay, so, all right, the

14:00:19 13   contemplated return is on?

14:00:22 14          MR. GORMAN:  Sunday.

14:00:25 15          THE COURT:  The 14th?

14:00:26 16          MR. GORMAN:  Yes, Your Honor.

14:00:31 17          THE COURT:  All right.  And, sir, do you

14:00:32 18   have -- did you purchase a roundtrip ticket or two

14:00:38 19   one-way tickets?

14:00:39 20          MR. GORMAN:  Two one-way tickets, Your

14:00:42 21   Honor.

14:00:44 22          THE COURT:  And your reservation to depart

14:00:46 23   here is for -- is that open or is that a reserved?

14:00:50 24          THE DEFENDANT:  I have to purchase that,

14:00:51 25   Your Honor.

14:00:51  1          THE COURT:  Oh, you haven't purchased it

14:00:53  2  yet?

14:00:53  3          THE DEFENDANT:  No, Your Honor.

14:01:05  4          (Pause.)

14:01:08  5          THE COURT:  My only concern is if we

14:01:11  6  continue this to tomorrow and we don't get word back

14:01:15  7  from the probation office there in Boise, I won't be

14:01:19  8  here next week.  Uhh... I'm wondering whether there's a

14:01:29  9  process where we can order Mr. McCarron's release to

14:01:36 10  comply with conditions of release set by the Court in

14:01:39 11  Boise, so that if you depart here, the conditions of

14:01:45 12  release here would mirror the conditions of release set

14:01:50 13  by the Court in Boise for you.  So that if you fail to

14:01:54 14  comply with any of those conditions, it would be a

14:01:57 15  violation of your supervised release.  The only problem

14:02:00 16  is the actual supervision, but in the meantime, if you

14:02:07 17  need to leave on Sunday, and at this point, we don't

14:02:14 18  have all the -- because I'm not so sure what's the best

14:02:16 19  thing to do at this point.

14:02:18 20          PROBATION OFFICER:  Your Honor, I believe we

14:02:19 21  could -- we could try to communicate or at least send an

14:02:22 22  e-mail because of the time difference as soon as the

14:02:25 23  hearing is over and, you know, hopefully have a response

14:02:29 24  by the morning our time.

14:02:31 25          THE COURT:  Okay, so you want to continue

| | |
|---|---|
| 14:02:34 | 1 |
this to the afternoon then, so give you more time?

| 14:02:37 | 2 | PROBATION OFFICER: Tomorrow afternoon, Your

| 14:02:38 | 3 | Honor?

| 14:02:38 | 4 | THE COURT: Tomorrow afternoon.

| 14:02:39 | 5 | PROBATION OFFICER: Yes, that would be fine.

| 14:02:41 | 6 | In the meantime, I believe that Mr. McCarron would need

| 14:02:44 | 7 | to be detained though.

| 14:02:49 | 8 | THE COURT: On?

| 14:02:50 | 9 | MR. GORMAN: Well... yeah, I know that's --

| 14:02:54 | 10 | yeah, I think -- but if we're continuing the

| 14:02:59 | 11 | arraignment, I think --

| 14:03:00 | 12 | THE COURT: All right, let me -- let me talk

| 14:03:02 | 13 | to Counsels sidebar with the probation officer.

| 14:03:19 | 14 | (Sidebar.)

| 14:03:23 | 15 | THE COURT: There are a couple of things

| 14:03:26 | 16 | that come to my mind that are the defendant is here and

| 14:03:31 | 17 | he's trying to comply with conditions that are

| 14:03:35 | 18 | fortunately aren't as effective here as there, you know,

| 14:03:42 | 19 | the location monitoring, which in a sense is not his

| 14:03:46 | 20 | fault, we're not as advanced technology wise.

| 14:03:56 | 21 | So I'm just curious what the positions of

| 14:03:59 | 22 | the parties might be in light of the fact that he is

| 14:04:05 | 23 | planning on leaving Sunday and the only thing that's

| 14:04:10 | 24 | holding him from being released or doing so is the

| 14:04:15 | 25 | agreement by Boise to supervise his conditions once he

14:04:20   1   returns there, which I'm assuming more likely would be

14:04:25   2   positive, right?

14:04:27   3             PROBATION OFFICER:  I would think so.

14:04:30   4             THE COURT:  Positive --

14:04:31   5             MR. GORMAN:  Because I think Jeff was

14:04:33   6   handling the investigation and my client said that Jeff

14:04:37   7   said there were no problems, but, yeah, like I said,

14:04:58   8   that's kind of hearsay but I mean we'll find out by

14:05:01   9   tomorrow.

14:05:02  10             PROBATION OFFICER:  I mean, yeah, I don't

14:05:04  11   think there are any issues but we still need to make

14:05:06  12   sure they agree to supervise the case, and especially

14:05:09  13   when it come to sex offenses, there's more -- you know,

14:05:13  14   they require -- it's not a case where they would say

14:05:15  15   okay, go ahead and send him and we'll look at it.  Those

14:05:18  16   are cases that are handled more carefully.

14:05:22  17             THE COURT:  Yeah, I'm also thinking of the

14:05:24  18   fact that he's come here on the day that he's been told

14:05:28  19   to be here.  We've ordered his arraignment today and

14:05:30  20   he's here, and he's purchased a ticket, so he shows

14:05:34  21   responsibility, you know, in that sense.  He doesn't

14:05:38  22   show an intent to flee because he is here.  And so far

14:05:45  23   as I understand, he seems to be honest with his

14:05:47  24   responses to the Court that he doesn't have a ticket but

14:05:49  25   he intends to purchase another ticket to go back to

| | |
|---|---|
| 14:05:53 | 1 |
| 14:05:57 | 2 |
| 14:06:03 | 3 |
| 14:13:00 | 4 |
| 14:13:34 | 5 |
| 14:13:38 | 6 |
| 14:13:49 | 7 |
| 14:14:32 | 8 |
| 14:14:34 | 9 |
| 14:14:35 | 10 |
| 14:14:36 | 11 |
| 14:14:43 | 12 |
| 14:14:44 | 13 |
| 14:15:08 | 14 |
| 14:15:11 | 15 |
| 14:15:35 | 16 |
| 14:15:39 | 17 |
| 14:15:41 | 18 |
| 14:15:43 | 19 |
| 14:15:44 | 20 |
| 14:15:45 | 21 |
| 14:15:49 | 22 |
| 14:15:50 | 23 |
| 14:16:21 | 24 |
| 14:16:26 | 25 |

where he's come from, but I'm amenable to whatever you think might be appropriate here in light of the fact that the conditions of release that he's used to regarding electronic monitoring isn't something that they could put in place here.

MR. COLLINS:  My understanding, Your Honor, the only question now is (inaudible) the 24 hours until tomorrow afternoon.  That's the immediate question.

THE COURT:  Okay.

MR. COLLINS:  And really that's only because we don't have the -- location monitoring.

PROBATION OFFICER:  Because --

THE COURT:  Because -- the condition that normally would not be the same elsewhere.

MR. COLLINS:  So I would say absent (inaudible) forego the (inaudible) 24 hours.

MR. GORMAN:  I'm sorry?

MR. COLLINS:  (Inaudible) the 24 hours.

MR. GORMAN:  Well we certainly concur with that.

MR. COLLINS:  Continuance -- (inaudible).

PROBATION OFFICER:  I just -- I'm under the impression that based on the (inaudible) that cases like this have to be on LM or detained.  That's what I'm told.

| | | |
|---|---|---|
| 14:16:27 | 1 | THE COURT: Sure, sure. |
| 14:16:29 | 2 | MR. GORMAN: But with the -- he has been |
| 14:16:31 | 3 | kind of not under LM since last Monday. So -- and I |
| 14:16:35 | 4 | think, technically, we could say -- we could justify it, |
| 14:16:39 | 5 | because I think Trina is correct, the law does say he |
| 14:16:43 | 6 | must but under some form of electronic monitoring but if |
| 14:16:47 | 7 | the arraignment is continued until tomorrow, I think |
| 14:16:49 | 8 | that could provide us more cover -- |
| 14:16:54 | 9 | (Multiple speakers overlapping.) |
| 14:16:59 | 10 | LAW CLERK: -- determination of the -- |
| 14:17:06 | 11 | Since you haven't made the determination. |
| 14:17:09 | 12 | MR. GORMAN: Yeah. |
| 14:17:11 | 13 | LAW CLERK: You could just continue... |
| 14:17:14 | 14 | (Pause.) |
| 14:17:18 | 15 | THE COURT: Okay. All right. |
| 14:17:25 | 16 | (Pause.) |
| 14:17:33 | 17 | (End of sidebar.) |
| 14:17:37 | 18 | THE COURT: All right. The Court has met |
| 14:17:39 | 19 | sidebar with Counsel for the government and Mr. McCarron |
| 14:17:44 | 20 | and the probation officer. And as the Court has |
| 14:17:50 | 21 | indicated, the Court, pending approval by the District |
| 14:17:58 | 22 | in Idaho to continue to supervise Mr. McCarron, the |
| 14:18:05 | 23 | Court notes that he's here, he's made his initial |
| 14:18:09 | 24 | appearance, he's incurred expenses. You paid for your |
| 14:18:22 | 25 | fare to get here, sir? |

| | | |
|---|---|---|
| 14:18:23 | 1 | THE DEFENDANT: I did, Your Honor. |
| 14:18:24 | 2 | THE COURT: He wasn't here brought by the |
| 14:18:25 | 3 | marshal. He was released on, I guess, his own personal |
| 14:18:28 | 4 | recognizance in Boise with conditions therein, that he |
| 14:18:33 | 5 | has fully complied with. So those factors, in a sense, |
| 14:18:43 | 6 | are weighed by the Court positively on the part of |
| 14:18:48 | 7 | Mr. McCarron, and in light of the good faith effort that |
| 14:18:57 | 8 | he's shown in getting here and the expenses that he has |
| 14:19:01 | 9 | incurred and in complying with the conditions of release |
| 14:19:05 | 10 | that have been set by the Court in Idaho, it would seem |
| 14:19:10 | 11 | fair in circumstances, really, that the Court, in the |
| 14:19:15 | 12 | absence of indication yet of word from Idaho, the |
| 14:19:26 | 13 | conditions imposed by Idaho upon you will be the |
| 14:19:30 | 14 | conditions that continue to exist as of today. And it |
| 14:19:38 | 15 | -- like I said, based on this Court's determination of |
| 14:19:44 | 16 | whether or not you are a flight risk or at this point |
| 14:19:48 | 17 | whether you pose a danger to the community, in light of |
| 14:19:54 | 18 | the confines that you're in a hotel room at the present |
| 14:19:58 | 19 | time, sir? |
| 14:19:59 | 20 | THE DEFENDANT: Yes, sir. |
| 14:20:00 | 21 | THE COURT: All right. And the Court will |
| 14:20:03 | 22 | order that you stay in the hotel room unless it's |
| 14:20:07 | 23 | necessary to make a Court appearance or, you know, other |
| 14:20:11 | 24 | necessary things, to eat, that type of thing, and until |
| 14:20:16 | 25 | you get word from your attorney, we'll continue this |

| | | |
|---|---|---|
| 14:20:18 | 1 | matter to the afternoon tomorrow. |
| 14:20:25 | 2 | (Pause.) |
| 14:20:35 | 3 | All right, we'll continue it till 1:30 |
| 14:20:38 | 4 | tomorrow afternoon, so the Court will order you to be |
| 14:20:40 | 5 | released today to continue to comply with conditions of |
| 14:20:42 | 6 | release by the Court for you, the Court in Idaho, and |
| 14:20:47 | 7 | the Court will order that you be here tomorrow at 1:30 |
| 14:20:51 | 8 | in the afternoon for a continued hearing on your |
| 14:20:55 | 9 | release.  All right? |
| 14:20:55 | 10 | THE DEFENDANT:  Thank you, Your Honor. |
| 14:20:56 | 11 | THE COURT:  Thank you very much.  Thank you, |
| 14:20:58 | 12 | Counsel. |
| 14:20:58 | 13 | MR. GORMAN:  Thank you, Your Honor. |
| 14:20:59 | 14 | MR. COLLINS:  Thank you, Your Honor. |
| 14:21:01 | 15 | (Proceedings concluded at 1:54 p.m.) |
| | 16 | * * * |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

CERTIFICATE OF OFFICIAL REPORTER


CITY OF HAGATNA      )
                     )  ss.
TERRITORY OF GUAM    )


        I, Veronica F. Flores, Official Court Reporter for
the United States District Court of Guam, do hereby certify
the foregoing pages, 1 to 18, to be a true and correct
transcription of the electronically-recorded proceedings held
in the above-entitled matter to the best of my ability.
        Dated this 20th day of April 2020.


                                /s/Veronica F. Flores
                                Veronica F. Flores