IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM


UNITED STATES OF AMERICA, ) Court of Appeals No. 20-10072
          )
      Plaintiff, ) District Court No. 19-00012
          )
    vs.     )
          )
MICHAEL LOUIS MCCARRON,  )
          )
_____ Defendant. _)


TRIAL TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE FRANCES TYDINGCO-GATEWOOD,
CHIEF JUDGE
OCTOBER 29, 2019; 10:30 A.M.
HAGATNA, GUAM



**Day 1**

**Jury Selection**



Proceedings recorded by *mechanical stenography*.

Veronica F. Flores, CSR-RPR
Official Court Reporter
520 W. Soledad Avenue
Hagatna, Guam 96910

APPEARANCES


Appearing on behalf of plaintiff:


OFFICE OF THE UNITED STATES ATTORNEY
BY: STEPHEN LEON GUERRERO, AUSA
J. JUSTIN COLLINS, SPECIAL ASSISTANT USA
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
(671) 472-7332


Appearing on behalf of defendant:


OFFICE OF THE FEDERAL PUBLIC DEFENDER
BY: JOHN T. GORMAN, FPD
400 Route 8, Suite 501
FHB Building
Mongmong, Guam 96910
(671) 472-7111


ALSO PRESENT:

Michael McCarron, Defendant

Adam Ring, AFOSI

Christina Albo, NCIS

Renate Grimes, FPD

I N D E X

| | Page |
|---|---|
| Jurors sworn in | 21 |
| Commencement of *voir dire* | 25 |
| Jury advised to report at 9:45 a.m. | 92 |

Veronica F. Flores, CSR-RPR
Official Court Reporter
520 W. Soledad Avenue
Hagatna, Guam 96910

```
 1              October 29, 2019; 10:30 a.m.; Hagatna, Guam

 2                              * * *

 3                                                              10:30AM

 4              THE CLERK:  Please come to order.  The District  10:30AM

 5    Court is back in session.  Your Honor, this is Criminal Case  10:30AM

 6    No. 19-00012, United States of America versus Michael Louis  10:30AM

 7    McCarron; Jury Trial.                                   10:30AM

 8              Counsel, please state your appearances.        10:30AM

 9              MR. LEON GUERRERO:  Buenas and hafa adai, Your  10:30AM

10    Honor, Stephen Leon Guerrero, on behalf of the United States.  10:30AM

11    Also present is Special Assistant U.S. Attorney Justin Collins  10:30AM

12    and Agents Adam Ring and Christine Albo.                10:30AM

13              THE COURT:  Okay, Agent Adam Ring.  And the     10:30AM

14    second one?                                             10:30AM

15              MR. LEON GUERRERO:  Christine Albo.            10:30AM

16              THE COURT:  Okay, Christine Albo.  Okay.  Good  10:30AM

17    morning and hafa adai to both of you.                   10:30AM

18              MR. GORMAN:  Buenas and hafa adai, Your Honor.  10:30AM

19    John Gorman, Federal Public Defender, for Mr. McCarron, he's  10:31AM

20    seated to my right.  Also seated with us and will be for the  10:31AM

21    course of the trial is Renate Grimes, my administrative  10:31AM

22    assistant.                                              10:31AM

23              THE COURT:  Okay.  Good morning, Mr. Gorman,    10:31AM

24    Mr. Michael McCarron, and Ms. Grime.  All right.  Very well.  10:31AM

25    So the jurors are getting ready to come in.  The jury  10:31AM
```

administrator just indicated that he's getting their jury 10:31AM

questionnaire passed out to them. I just wanted to confirm, 10:31AM

okay, we have the indictment here and so with regard to the 10:31AM

forfeiture -- notice of forfeiture, I'm going to block that 10:31AM

out. We will -- we'll redact it or not show that to the 10:31AM

jurors when the Court displays the indictment for the jurors 10:31AM

to read, okay? 10:31AM

MR. LEON GUERRERO: Yes, Your Honor. 10:31AM

THE COURT: All right. So that's the first 10:31AM

thing. The second thing that I wanted to ask with regard to 10:31AM

the United States' witness list, Mr. Leon Guerrero, which 10:32AM

witnesses will you be calling? 10:32AM

MR. LEON GUERRERO: Yes, Your Honor. We do have 10:32AM

NCIS Agent Christine Albo, OSI Agent Adam Ring. 10:32AM

THE COURT: Okay. 10:32AM

MR. LEON GUERRERO: A possible rebuttal witness 10:32AM

in FBI, Agent Joshua Kipp, and just for purposes of jury 10:32AM

selection, Mr. Kipp is currently not here today but we do have 10:32AM

a photo in case we show it. 10:32AM

THE COURT: Okay. And then what about Jamie 10:32AM

Turner? 10:32AM

MR. LEON GUERRERO: No, Your Honor. 10:32AM

THE COURT: Okay. You're not -- 10:32AM

MR. LEON GUERRERO: We're not gonna call him. 10:32AM

THE COURT: Okay. So Kipp might be just a 10:32AM

1   rebuttal then?                                                    10:32AM

2           MR. LEON GUERRERO:  That's correct, Your Honor.          10:32AM

3           THE COURT:  Okay.  Defense, you just had                 10:32AM

4   indicated all witnesses are turned in by the government?         10:32AM

5           MR. GORMAN:  Yes, Your Honor.                            10:32AM

6           THE COURT:  Anyone else?                                 10:32AM

7           MR. GORMAN:  And possibly my client but that'll          10:32AM

8   be a decision...                                                 10:32AM

9           THE COURT:  Okay.  We'll have to make that               10:32AM

10  decision, that's -- okay.  And then let me just...               10:32AM

11          (Pause.)                                                 10:32AM

12          THE COURT:  Okay.  Anything else?  And then with         10:33AM

13  regard to exhibits, okay, any issues with exhibits, Counsels?    10:33AM

14          MR. LEON GUERRERO:  No, Your Honor.  Actually,           10:33AM

15  just one thing, just so at least Your Honor has a heads up        10:33AM

16  regarding the matter, I did speak with defense Counsel and I      10:33AM

17  think we've agreed to stipulation of the e-mail messages that    10:33AM

18  Agent Ring will be testifying to, specifically --                10:33AM

19          THE COURT:  I'm sorry, can you speak on the mic.         10:33AM

20          MR. LEON GUERRERO:  Sure.  We're going to                10:33AM

21  stipulate to the admissibility of the e-mail exchanges that      10:33AM

22  are part of the government's exhibits.                           10:33AM

23          THE COURT:  Okay, so exhibit number -- you're           10:33AM

24  gonna stipulate to the authentication and admission of these     10:34AM

25  exhibits?                                                        10:34AM

|   |   |   |
|---|---|---|
| 1 | MR. LEON GUERRERO:  Yes, Your Honor. | 10:34AM |
| 2 | THE COURT:  Okay.  And which exhibit numbers are | 10:34AM |
| 3 | they going to be? | 10:34AM |
| 4 | MR. LEON GUERRERO:  Exhibits 2 through 19. | 10:34AM |
| 5 | THE COURT:  Two through 19, okay.  Mr. Gorman, | 10:34AM |
| 6 | you would agree with that? | 10:34AM |
| 7 | MR. GORMAN:  Yes, Your Honor. | 10:34AM |
| 8 | THE COURT:  All right. | 10:34AM |
| 9 | All right.  And then with regard to 22, 23? | 10:34AM |
| 10 | MR. LEON GUERRERO:  Yeah, so with respect to 22 | 10:34AM |
| 11 | and 23, these are just the certificates that Agent Ring | 10:34AM |
| 12 | obtained and so, I mean -- if Counsel is open to having those | 10:34AM |
| 13 | admitted as well, that would really streamline the testimony | 10:34AM |
| 14 | of Agent Ring. | 10:34AM |
| 15 | MR. GORMAN:  Well, we can discuss that later. | 10:34AM |
| 16 | THE COURT:  All right.  What kind of certificates | 10:34AM |
| 17 | are these? | 10:34AM |
| 18 | MR. LEON GUERRERO:  Introduction to ICAC | 10:34AM |
| 19 | investigations, crimes against children. | 10:35AM |
| 20 | THE COURT:  I see.  All right.  So it's still up | 10:35AM |
| 21 | in the air, okay.  And let's see if there's anything else. | 10:35AM |
| 22 | MR. LEON GUERRERO:  And then just for Your | 10:35AM |
| 23 | Honor's information, we do plan to admit the -- the excerpted | 10:35AM |
| 24 | interview of the defendant, which was also provided for | 10:35AM |
| 25 | exhibits and the interview that took place between the agents | 10:35AM |

1   and the defendant.                                              10:35AM

2              THE COURT:  And what exhibit number is that, 6-A?    10:35AM

3              MR. LEON GUERRERO:  No.  That is, Your Honor,        10:35AM

4   Exhibit 21.                                                     10:35AM

5              THE COURT:  Oh, 23?                                  10:35AM

6              MR. LEON GUERRERO:  21.                              10:35AM

7              THE COURT:  21.  Okay.                               10:35AM

8              MR. GORMAN:  Although that one -- under the rule     10:35AM

9   of completeness, we'll probably ask for the full interview,    10:35AM

10  the broadcast.                                                  10:35AM

11             MR. LEON GUERRERO:  I guess we can broach that or    10:35AM

12  we can argue that issue right now, but --                      10:35AM

13             THE COURT:  Let's just talk about it right now       10:35AM

14  since we have a few minutes.  The excerpts of -- the excerpts   10:35AM

15  of the interview of McCarron, Exhibit 21, I see that now        10:35AM

16  coming in through Christine Albo.  All right.  First of all,    10:36AM

17  how long is the video -- interview, full video interview?      10:36AM

18             MR. LEON GUERRERO:  The full video is about over     10:36AM

19  -- a little bit over an hour long.                             10:36AM

20             THE COURT:  Okay.  And the excerpts?                 10:36AM

21             MR. LEON GUERRERO:  It's about 15 minutes, Your      10:36AM

22  Honor.                                                          10:36AM

23             THE COURT:  Okay.                                    10:36AM

24             MR. LEON GUERRERO:  And the reason why we submit     10:36AM

25  that the other portions of that interview do not come in and   10:36AM

```
 1  those are all inadmissible hearsay, all self-serving        10:36AM
 2  statements, and therefore, you know, they're not to be      10:36AM
 3  permitted under the rules of evidence for purposes of the jury 10:36AM
 4  to consider.                                                 10:36AM
 5          THE COURT:  All right.  Well, there was no motion    10:36AM
 6  to suppress any of that; right?                              10:36AM
 7          MR. LEON GUERRERO:  That's correct, Your Honor.      10:36AM
 8          MR. GORMAN:  Well, we're not asking to suppress,     10:36AM
 9  but under Rule 106 of the Federal Rules of Evidence, which is 10:36AM
10  also known as the Rule of Completeness, if they're going to  10:36AM
11  introduce a record statement, they --                        10:36AM
12          THE COURT:  Oh, you have to speak on the mic.        10:36AM
13          MR. GORMAN:  I'm sorry.  Under Rule 106 of the       10:36AM
14  Federal Rules of Evidence, also known as the Rule of         10:37AM
15  Completeness, if they're going to submit a recorded statement, 10:37AM
16  in all fairness, they're required to submit the entire       10:37AM
17  statement.                                                   10:37AM
18          THE COURT:  Yeah, but if it's self-serving           10:37AM
19  hearsay -- I mean, if it's all of that, I don't think you can 10:37AM
20  bring that in.                                               10:37AM
21          MR. GORMAN:  Yeah, you can -- well, if you look      10:37AM
22  at Rule 106, it says "In fairness, ought to be considered a  10:37AM
23  full --" the rule provides for completeness, you cannot just 10:37AM
24  take little bits and pieces of a recorded statement out and  10:37AM
25  play it.                                                     10:37AM
```

| | |
|---|---|
| 1 | THE COURT: Well, but unless it's otherwise | 10:37AM |
| 2 | inadmissible. | 10:37AM |
| 3 | MR. GORMAN: That's not what Rule 106 says, it | 10:37AM |
| 4 | does not say anything about otherwise inadmissible, it says -- | 10:37AM |
| 5 | THE COURT: Do you have case law on that? Do you | 10:37AM |
| 6 | have the case law from the Ninth Circuit indicating that it's | 10:37AM |
| 7 | otherwise inadmissible? It's sort of like having a | 10:37AM |
| 8 | confession. If the defendant makes a confession, like a full | 10:37AM |
| 9 | confession but there are some parts of that confession that | 10:37AM |
| 10 | are inadmissible, then the Court would redact it, so it's | 10:37AM |
| 11 | similar to that, is it not? | 10:37AM |
| 12 | MR. GORMAN: Somewhat similar but I would point | 10:37AM |
| 13 | the Court to *U.S. v. Harry* -- | 10:37AM |
| 14 | THE COURT: Okay. Give me -- | 10:37AM |
| 15 | MR. GORMAN: -- 816 F3d 1268. | 10:37AM |
| 16 | THE COURT: 816 F3d what? | 10:38AM |
| 17 | MR. GORMAN: 1268. | 10:38AM |
| 18 | THE COURT: In the Ninth Circuit? | 10:38AM |
| 19 | MR. GORMAN: Tenth Circuit case. | 10:38AM |
| 20 | THE COURT: Yup. And what's the name of the | 10:38AM |
| 21 | case? | 10:38AM |
| 22 | MR. GORMAN: *U.S. v. Harry*. | 10:38AM |
| 23 | THE COURT: That's what you're relying on? | 10:38AM |
| 24 | MR. GORMAN: The fairness principle in Rule 106 | 10:38AM |
| 25 | can overrule the rule excluding hearsay. | 10:38AM |

```
 1              THE COURT:  All right.  And that -- and that's      10:38AM

 2   inadmissible hearsay?                                          10:38AM

 3              (Pause.)                                            10:38AM

 4              MR. GORMAN:  It's --                                10:38AM

 5              THE COURT:  So you've read the case?                10:38AM

 6              MR. GORMAN:  Yes.                                   10:38AM

 7              THE COURT:  So you're citing to that, okay, I'll    10:38AM

 8   look at that.                                                  10:38AM

 9              MR. GORMAN:  If it was admissible, then we          10:38AM

10   wouldn't have a problem.  The Rule of Completeness wouldn't    10:38AM

11   need to overrule it.                                           10:38AM

12              THE COURT:  We'll see, Mr. Gorman.                  10:38AM

13              MR. LEON GUERRERO:  I just point Your Honor to --   10:38AM

14              THE COURT:  I'm sorry?                              10:38AM

15              MR. LEON GUERRERO:  I point Your Honor's            10:38AM

16   attention to *United States v. Collicott*.                    10:38AM

17              THE COURT:  Spell it, please.                       10:38AM

18              MR. LEON GUERRERO:  C-O-L-L-I-C-O-T-T.  And         10:38AM

19   that's 92 F3d 983 but in the Ninth Circuit, the Court -- the  10:38AM

20   Ninth Circuit in that case held that Rule 106 does not compel 10:39AM

21   admission of otherwise inadmissible hearsay evidence.         10:39AM

22              THE COURT:  All right.  What year is that?         10:39AM

23              MR. LEON GUERRERO:  That is a -- just have a       10:39AM

24   moment, Your Honor.                                           10:39AM

25              THE COURT:  So this is also a Ninth Circuit Court  10:39AM
```

| | | |
|---|---|---|
| 1 | of Appeals case? | 10:39AM |
| 2 | MR. LEON GUERRERO:  Yes. | 10:39AM |
| 3 | (Pause.) | 10:39AM |
| 4 | MR. LEON GUERRERO:  It's a 1996 case, so 92 F3d | 10:39AM |
| 5 | 973. | 10:39AM |
| 6 | THE COURT:  92 F3d? | 10:39AM |
| 7 | MR. LEON GUERRERO:  973 -- | 10:39AM |
| 8 | THE COURT:  973? | 10:39AM |
| 9 | MR. LEON GUERRERO:  -- but the reference to the | 10:39AM |
| 10 | Rule 106 is at page 983. | 10:39AM |
| 11 | THE COURT:  Okay.  So those are the two cases, | 10:39AM |
| 12 | one cited by Mr. Gorman and one cited by the prosecutor, Leon | 10:39AM |
| 13 | Guerrero.  All right.  I'll look at both and then I'll make a | 10:39AM |
| 14 | ruling. | 10:39AM |
| 15 | MR. LEON GUERRERO:  Yes, Your Honor. | 10:39AM |
| 16 | THE COURT:  Anything else then on the exhibits? | 10:39AM |
| 17 | MR. LEON GUERRERO:  From the government, I think | 10:39AM |
| 18 | that's it, Your Honor. | 10:39AM |
| 19 | THE COURT:  Okay.  So your representation is that | 10:39AM |
| 20 | the parts that you redacted are self-serving, inadmissible | 10:39AM |
| 21 | hearsay? | 10:40AM |
| 22 | MR. LEON GUERRERO:  Yeah, they're self-serving | 10:40AM |
| 23 | hearsay statements, they're not relevant to the charges at | 10:40AM |
| 24 | hand and -- | 10:40AM |
| 25 | THE COURT:  For example, what are they? | 10:40AM |

```
1        MR. LEON GUERRERO:  There is -- there's a lot of     10:40AM

2   -- there's some references about him, if I recall correctly,  10:40AM

3   saying that he wasn't gonna do like -- let me rephrase,    10:40AM

4   there's a lot of questions about his marriage or that -- if I  10:40AM

5   can just have one moment, Your Honor.                      10:40AM

6        THE COURT:  Okay.  Let me just ask, also, do you     10:40AM

7   have a transcript of the interview, the full interview?    10:40AM

8        MR. LEON GUERRERO:  We don't, Your Honor, we just    10:41AM

9   have the video recording.                                  10:41AM

10       THE COURT:  I see.                                    10:41AM

11       MR. LEON GUERRERO:  Yeah, we just have the video     10:41AM

12  recording, and I apologize, I don't have all the specifics,  10:41AM

13  Your Honor, but what I would say is out of -- over the hour  10:41AM

14  footage of this interview with the defendant, what the     10:41AM

15  government has reduced down to the 15 minutes are the party  10:41AM

16  opponent statements under the rules of evidence, which should  10:41AM

17  be admitted pursuant to the charges that he's facing and we  10:41AM

18  just didn't see the relevance regarding the other statements  10:41AM

19  that he made to law enforcement and it would just really cause  10:41AM

20  confusion to the jury and so forth.                        10:41AM

21       THE COURT:  Okay.  Good.  Okay, let's assume that    10:41AM

22  your case is correct, that Mr. Gorman -- Mr. Gorman's case is  10:41AM

23  not correct, the Court would still have to look at what     10:41AM

24  exactly he's wanting to come in, so otherwise inadmissible  10:41AM

25  hearsay, so I just have to know what the words are.  So if it  10:41AM
```

| | |
|---|---|
| 1 | says, "Oh, I would never do this," okay, that's -- that's | 10:42AM |
| 2 | self-serving -- | 10:42AM |
| 3 | MR. LEON GUERRERO: Yeah. Well -- | 10:42AM |
| 4 | THE COURT: -- under the rule, so I need to know | 10:42AM |
| 5 | what are those statements, I would have to evaluate them. | 10:42AM |
| 6 | MR. LEON GUERRERO: The statements that -- | 10:42AM |
| 7 | THE COURT: The statement that you are asking the | 10:42AM |
| 8 | Court to exclude, that -- you know, because you want to redact | 10:42AM |
| 9 | the video -- you want a redacted video to be shown to the | 10:42AM |
| 10 | jurors that only -- just an excerpt, 15 minutes, and I hear -- | 10:42AM |
| 11 | well, the defense Counsel is asking for the full video, so -- | 10:42AM |
| 12 | and you've indicated that on your own, you've taken the | 10:42AM |
| 13 | liberty to exclude one, two, three, four, five, six, seven | 10:42AM |
| 14 | statements, so it will be easier for me to look at it, I can | 10:42AM |
| 15 | tell right there. | 10:42AM |
| 16 | MR. LEON GUERRERO: Yeah -- | 10:42AM |
| 17 | THE COURT: Either look or hear it, I guess I'm | 10:42AM |
| 18 | going to have to hear it because there's no transcript. | 10:42AM |
| 19 | MR. LEON GUERRERO: If I can just make one | 10:42AM |
| 20 | recommendation for Your Honor. | 10:42AM |
| 21 | THE COURT: Yeah? | 10:42AM |
| 22 | MR. LEON GUERRERO: We can provide Your Honor | 10:42AM |
| 23 | with a copy of the full interview. | 10:42AM |
| 24 | THE COURT: I'm sorry? | 10:43AM |
| 25 | MR. LEON GUERRERO: We can provide Your Honor | 10:43AM |

1  with a copy of the full interview.  Again, it's just a little                10:43AM

2  bit over an hour, and you'll be able to see our edited version               10:43AM

3  of the interview.                                                            10:43AM

4           THE COURT:  And you've already seen this, Mr. --                    10:43AM

5           MR. GORMAN:  Yes, Your Honor.                                       10:43AM

6           THE COURT:  -- Gorman?  All right.  Your only                       10:43AM

7  objection is you want the full video to be shown for                         10:43AM

8  completeness purposes, that's it?                                            10:43AM

9           MR. GORMAN:  Yes, Your Honor.                                       10:43AM

10          THE COURT:  But you're not focusing on anything                     10:43AM

11 as inadmissible hearsay?                                                     10:43AM

12          MR. GORMAN:  No.                                                    10:43AM

13          THE COURT:  But you are.  So because of that, I                     10:43AM

14 need to look at that.                                                        10:43AM

15          MR. LEON GUERRERO:  Yes, Your Honor.                                10:43AM

16          THE COURT:  I'll look at the -- the cases.                          10:43AM

17          MR. LEON GUERRERO:  Okay.                                           10:43AM

18          THE COURT:  So -- all right.  Can you make sure I                   10:43AM

19 get a copy of that?                                                          10:43AM

20          MR. LEON GUERRERO:  Will do.                                        10:43AM

21          THE COURT:  Or else we could actually -- let's                      10:43AM

22 just do it.  We probably should all listen to it in the                      10:43AM

23 courtroom together so that Mr. -- if you're right and if the                 10:43AM

24 case law says what you believe is true, and I think you may be               10:43AM

25 right, Mr. Leon Guerrero, then Mr. Gorman can assess each and                10:43AM

```
 1    every part that we're looking at, we just have to go through        10:43AM
 2    it.                                                                  10:44AM
 3              MR. LEON GUERRERO:  Yes, Your Honor.                       10:44AM
 4              THE COURT:  Okay.  All right.  Very well.  Ready           10:44AM
 5    to go?  Okay.  We'll call in the jury.                               10:44AM
 6              (Pause.)                                                   10:44AM
 7                   (Discussion with clerk.)                              10:44AM
 8              THE COURT:  All right.  Okay.  I want to pass out          10:44AM
 9    the jury selection peremptory challenges chart sheet and the        10:44AM
10    voir dire questionnaires.                                           10:44AM
11              (Pause.)                                                  10:44AM
12              THE COURT:  I think we'll select two to four              10:45AM
13    alternates, it just depends, we really only probably need two,      10:45AM
14    but it just depends how many jurors we have.                        10:45AM
15              MR. LEON GUERRERO:  Okay.                                  10:45AM
16              THE COURT:  Okay.  Anything else that we need to          10:45AM
17    be concerned about, Counsels?                                       10:45AM
18              MR. LEON GUERRERO:  None from the government.             10:46AM
19              THE COURT:  Mr. Gorman?                                    10:46AM
20              MR. GORMAN:  None, Your Honor.                            10:46AM
21              THE COURT:  All right.  So Mr. Leon Guerrero,             10:46AM
22    we're waiting for the jurors.  Mr. Leon Guerrero has to handle      10:46AM
23    a matter tomorrow morning at 8:30?                                  10:46AM
24              MR. LEON GUERRERO:  Yes, Your Honor, 8:30.                10:46AM
25              THE COURT:  So he probably will not be ready to           10:46AM
```

1   come back in here until 10:00, okay, we'll make it 10:15, so
2   we'll go from tomorrow -- well, today we're going to just go
3   and try to finish jury selection because I have a -- let me
4   back up.  I have a bail hearing, the detention hearing today
5   at 1:30, so let's try to see how far we can go with jury
6   selection today.  Hopefully we'll finish it this morning, I
7   think we can.  And then -- let's see, tomorrow, we'll begin
8   tomorrow at 10:15.
9                  (Pause.)
10                 THE COURT:  We'll work on this next break.  Call
11  in the jurors.
12                 Please rise for the jury.
13                 (Jury in at 10:47 a.m.)
14                 THE COURT:  Is everyone comfortable in their
15  seats, even back there?  Are you guys comfortable, "yes"?
16                 JURORS:  Yes, Your Honor.
17                 THE COURT:  If you're not, please raise your
18  hand.  Okay.  All right.  Let me, first of all, ask my clerk
19  to call the case for trial.
20                 THE CLERK:  Your Honor, this is Criminal Case No.
21  19-00012, the *United States of America versus Michael Louis*
22  *McCarron;* Jury Selection and Trial.
23                 Counsel, please state your appearances.
24                 MR. LEON GUERRERO:  Buenas and hafa adai, Your
25  Honor, Stephen Leon Guerrero on behalf of the United States,

1    also present is Special U.S. Attorney Justin Collins and           10:50AM

2    Agents Adam Ring and Christine Albo.                               10:50AM

3                THE COURT:  Okay.  Good morning, everyone.             10:50AM

4                MR. COLLINS:  Morning, Your Honor.                     10:50AM

5                MR. GORMAN:  Buenas and hafa adai, Your Honor.         10:50AM

6    John Gorman, Federal Public Defender, for Mr. McCarron, he's      10:50AM

7    now seated to my right, and also appearing with us is Renate      10:50AM

8    Grimes.                                                            10:50AM

9                THE COURT:  Okay.  Good morning everyone over          10:50AM

10   there and, Mr. Gorman -- I'm sorry, Mr. Gorman, and this is       10:50AM

11   Mr. Michael McCarron; correct?                                    10:50AM

12               MR. GORMAN:  Yes.                                      10:50AM

13               THE COURT:  All right.  All right.  Hafa adai,         10:50AM

14   everyone.                                                          10:50AM

15               JURY:  Hafa adai.                                      10:50AM

16               THE COURT:  So first of all, I want to apologize       10:50AM

17   for keeping you waiting, we were supposed to start at             10:50AM

18   10:00 a.m. and we've been in Court since 8:30 working on          10:50AM

19   another case that was in the midst of pretrial hearings and so    10:51AM

20   defendant -- anyway, we were just with the three defendants,      10:51AM

21   so that took a little longer than I thought it would, so I        10:51AM

22   apologize for keeping you waiting, but this will be a very        10:51AM

23   short trial.  This is a criminal case.  And the case is           10:51AM

24   entitled *United States of America versus Michael Louis*          10:51AM

25   *McCarron,* Criminal Case 19-12.  This is the part of the trial   10:51AM

called *voir dire*. *Voir dire* is a French term meaning "to seek the truth." So we will select a jury of 12, plus two or four alternates, depending on how many of you we have left here. This is where -- so right now this time, I want to ask if you could please raise your hand, how many of you have served as a juror before, a trial juror like where you go in and you determine if somebody is guilty or not guilty? Please raise your hand. So we have about 13 of you, okay.

Okay. So a trial jury, as you may know, is also known as a petit jury, and they decide is the defendant -- has the defendant committed the crime as charged in the criminal case. In a criminal case, and then with regard to a civil case, was a plaintiff injured in a civil case, which is a different type of trial.

A grand jury, though, as opposed to a jury trial, is a trial jury -- excuse me, he -- a grand jury is presented with evidence from the United States attorney or the prosecutors and this is for federal criminal cases. And the grand jury determines is there probable cause to believe that an individual has committed a crime and should they be put on trial. If the grand jury determines there's enough evidence, an indictment, that's a charging instrument or document, will be issued against the defendant. How many of you have ever sat on a grand jury? Please raise your hand. So we have one person -- two. Okay.

The jury administrator has summoned in -- has

drawn 75 names at random on October the 4th from our automated

jury management system and, currently, we have 54 present?  54

present, and we had some that have been excused for cause.

When I ask you questions, it enables me to find

out whether there's a valid reason for excusing a prospective

juror.  It also enables the attorneys from both sides to

exercise their judgment with respect to what's called

peremptory challenges and challenges for cause.

What is a peremptory challenge?  A peremptory

challenge is simply a lawyer requesting that a juror should be

excused.  They don't have to give a reason.  So then the Court

excuses the juror who has been peremptorily challenged.

What is a challenge for cause?  A challenge for

cause is when a lawyer wants a juror to be excused for a

specific reason.  If I agree with that reason, that the --

then that juror is excused.  The object of today's process is

to seat a jury who I believe and the attorneys believe can be

fair and open-minded and can guarantee both sides, the

prosecution and defense, a fair trial.

Some of you will be excused.  If you're excused,

please don't be embarrassed.  Let me state that, you know,

you'll be coming back again maybe one day, either here or in a

local Court.  And let me state that your answers must be

candid and truthful and you'll be answering under an oath.  So

```
1    I'm going to ask my clerk to have you please stand right now,        10:54AM
2    I'll have all of you and swear -- and be sworn in by the             10:54AM
3    clerk.                                                               10:55AM
4              THE CLERK:  Please raise your right hand.  You             10:55AM
5    and each of you do solemnly swear that you will truthfully           10:55AM
6    answer all questions that shall be asked of you, touching your       10:55AM
7    qualification as a juror in the case now called for trial, so        10:55AM
8    help you God?                                                        10:55AM
9              JURY:  I do.                                               10:55AM
10             THE CLERK:  Thank you, please be seated.                   10:55AM
11             THE COURT:  All right.  Now, ladies and                    10:55AM
12   gentlemen, so I'm going to start asking you some questions.          10:55AM
13   And then when you get the microphone, let me just say -- so          10:55AM
14   when you get the microphone -- let's pretend this is a               10:55AM
15   microphone, my paper, just keep it about six inches away but         10:55AM
16   don't bring it too close to your mouth because it will muffle        10:55AM
17   the sound and if you put it too far away, then I can't hear          10:55AM
18   you and, Veronica, my court reporter here to my right up here,       10:55AM
19   she's transcribing everything that you're saying, okay, so she       10:55AM
20   needs to be able to hear you as well.                                10:56AM
21             All right.  Ladies and gentlemen, there are basic         10:56AM
22   principles of our criminal justice system, which I will now          10:56AM
23   briefly cover.  They are, the defendant, Mr. McCarron, he is         10:56AM
24   presumed innocent until proven guilty.  Number two, the              10:56AM
25   indictment, which is the charge, I'm going to show that to you       10:56AM
```

1  on your screen.  So you'll see the big screen up here, it will     10:56AM

2  come on.  For the prospective jurors in the jury box, you'll      10:56AM

3  see it on your jury monitor, okay?  So the indictment against     10:56AM

4  the defendant, I will tell you now, is only a charge, it only      10:56AM

5  contains the charges against him.  It is not an indication of      10:56AM

6  guilt.                                                             10:56AM

7          The prosecutor, or the government, Mr. Leon               10:56AM

8  Guerrero, and Mr. Collins, are the prosecutors in this case.       10:56AM

9  They have the burden of proving beyond a reasonable doubt that     10:56AM

10  Mr. McCarron committed the offense he is charged with.  If the    10:56AM

11  prosecutor fails in his -- in their proof, the jury must          10:57AM

12  acquit.  The government, or the prosecutor, is the only party      10:57AM

13  who has the burden of proof.  The defendant need not prove        10:57AM

14  anything and he need not take the stand to testify.               10:57AM

15          A unanimous verdict is necessary to convict.  Is         10:57AM

16  anyone here -- is there anyone here who disagrees with any of     10:57AM

17  these basic principles?  If so, please raise your hand.  All      10:57AM

18  right.  No response, for the record.                             10:57AM

19          Okay.  Ladies and gentlemen, every criminal             10:57AM

20  defendant has a right to a fair trial by jury.  Does anyone      10:57AM

21  disagree with that?  If so, please raise your hand.  All         10:57AM

22  right.  So as I understand it from the prosecution, they have     10:57AM

23  two witnesses they're going to call.  So there's only two,        10:57AM

24  possibly three, if they need it.  It seems to me we might         10:57AM

25  finish this case tomorrow -- I mean, the earliest will be         10:57AM

1    tomorrow.  And what is today, Tuesday?  Okay.  Today is                 10:58AM

2    Tuesday.  So we're going to try to get the jury selected now            10:58AM

3    and we'll have you go tomorrow.  So it could be completed as             10:58AM

4    early as tomorrow and then go -- which is Wednesday and then             10:58AM

5    go into -- possibly go into Thursday for deliberation.                   10:58AM

6              So today, as indicated, let me just tell you                   10:58AM

7    right now, it's 10:59 and we are going to go -- I'm going to             10:58AM

8    try to select a jury in an hour, Counsels.  We're going to try           10:58AM

9    to select a jury in one hour today.  Can we do it?  I don't              10:58AM

10   know, we're going to try.  And because it's a very short trial           10:58AM

11   and the reason -- probably the biggest reason is, I also have            10:58AM

12   another case at 1:30 that I have to prepare for and that just            10:58AM

13   came up unexpectedly, I would have gone straight into trial,             10:58AM

14   so we're only going to be here this morning, so we're going to           10:58AM

15   go from 11:00 to 12:00, hopefully we'll finish the jury                  10:59AM

16   selection.  If we don't finish, we'll come back and finish               10:59AM

17   jury selection tomorrow morning and I'll ask all of you to be            10:59AM

18   here no later than 9:30 and we'll start at 10:00 a.m., okay?             10:59AM

19   And then we'll go from -- my intention is to go from tomorrow            10:59AM

20   from 10:00 a.m. to 4:30 p.m., we'll have a recess in the                 10:59AM

21   morning, we'll have a lunch recess and I'll work out the time.           10:59AM

22             The lunch recess is usually 45 minutes, so if                  10:59AM

23   you're selected as a juror, it's only 45 minutes, so some of             10:59AM

24   you may want to bring your lunch.  For those who are selected            10:59AM

25   as a juror or if you want to, probably the closest place is              10:59AM

1    Kentucky Fried Chicken.  I'm not saying I advocate for that          10:59AM

2    one but it's just a walk right there.  Okay.  And then so we          10:59AM

3    will have -- the Court will provide you snacks and drinks in          10:59AM

4    the morning and the afternoon while you sit as a juror.  And          10:59AM

5    if you're selected, finally, as a juror, and deliberations          10:59AM

6    begin, then we'll provide lunch for you as well.                     11:00AM

7              Okay.  Is there any member of the -- okay, so --           11:00AM

8    and so tomorrow we'll begin at 10:00 a.m. till 4:30 and then          11:00AM

9    assuming that we're still going through -- depending on if           11:00AM

10   everything is done, if everything is done, then I'll have you        11:00AM

11   come in at 8:15 a.m. the next day to begin deliberations until       11:00AM

12   5:00 p.m. for deliberations, if that's how we complete -- if         11:00AM

13   we complete everything tomorrow, okay?  So just so you can get       11:00AM

14   an idea of where we're going.                                        11:00AM

15             So if you're in deliberations, it will go from            11:00AM

16   8:15 to 5:00 each day.  And if we're in trial, so for tomorrow       11:00AM

17   10:00 a.m. to 4:30 and then -- but I'm pretty confident we'll        11:00AM

18   be done, otherwise we'll go into like closing arguments and so       11:00AM

19   forth on Thursday.  All right.  The trial is Monday through          11:01AM

20   Friday, okay.                                                        11:01AM

21             (Pause.)                                                   11:01AM

22             THE COURT:  Okay.  So we'll talk about -- I know           11:01AM

23   there's a Gov Guam holiday on Friday, All Souls' Day, so we'll       11:01AM

24   talk about that issue with my jurors who are finally selected.       11:01AM

25   It's a Gov Guam holiday, it's not a federal holiday.  However,       11:01AM

```
1    there have been sometimes when I had jurors, you know, who      11:01AM
2    have -- feel obligation to go down and -- well, actually, it's  11:01AM
3    not on Friday though.  They're not going to have All Souls'      11:01AM
4    Day on Friday.  I understand -- I know because I go to the       11:01AM
5    grave sites too, so I understand it's gonna be on Saturday.      11:01AM
6             So that's -- that's not gonna be a conflict,           11:01AM
7    okay?  So does this present a problem to anyone with regard to   11:01AM
8    the length of trial and the times?  If so, please let me know    11:02AM
9    now.  Yes?  Can I give you a microphone, please.  Please do me   11:02AM
10   a favor and state your jury number and your name.  So you have   11:02AM
11   a little post card, usually it's blue but I don't know if it's   11:02AM
12   blue.  Is it blue?  Yeah.  Number?                              11:02AM
13            JUROR 30:  Yes, Your Honor.  My name is Ana Marie       11:02AM
14   Kilroy.  I'm selected 30.                                       11:02AM
15            THE COURT:  Kilroy?                                     11:02AM
16            JUROR 30:  Kilroy, yes.                                 11:02AM
17            THE COURT:  And your number, please?                    11:02AM
18            JUROR 30:  30.                                          11:02AM
19            THE COURT:  30.  Yes, Ms. Kilroy?                       11:02AM
20            JUROR 30:  Yes, I just want to inform the Court         11:02AM
21   right now that I'm scheduled to go off-island on Monday,         11:02AM
22   November 4th, so in case I'm selected, I cannot do the          11:02AM
23   extended trial.                                                 11:02AM
24            THE COURT:  Okay.                                       11:02AM
25            JUROR 30:  Just to let you know right now.              11:02AM
```

|    |                                                              |        |
|----|--------------------------------------------------------------|--------|
| 1  | THE COURT:  All right.  Well...                               | 11:02AM |
| 2  | JUROR 30:  But I'm willing --                                 | 11:02AM |
| 3  | THE COURT:  You already have a prearranged trip?             | 11:02AM |
| 4  | JUROR 30:  Yes, it was like months ago already.             | 11:03AM |
| 5  | THE COURT:  Did you already turn in your                     | 11:03AM |
| 6  | itinerary and so forth?                                       | 11:03AM |
| 7  | JUROR 30:  I have it right now --                             | 11:03AM |
| 8  | THE COURT:  Okay.                                            | 11:03AM |
| 9  | JUROR 30:  -- because I called and I brought it              | 11:03AM |
| 10 | with me today.                                               | 11:03AM |
| 11 | THE COURT:  All right.  So why don't we -- so               | 11:03AM |
| 12 | we'll just keep you there for right now, then we'll work with | 11:03AM |
| 13 | you but I'll write a note here to myself --                   | 11:03AM |
| 14 | JUROR 30:  Thank you.                                         | 11:03AM |
| 15 | THE COURT:  -- that you've got a trip and you've            | 11:03AM |
| 16 | got your tickets there, right?                                | 11:03AM |
| 17 | JUROR 30:  Yes.                                              | 11:03AM |
| 18 | THE COURT:  All right.  If you could -- well,                | 11:03AM |
| 19 | I'll get your ticket if I need it, okay?  All right.  Anyone  | 11:03AM |
| 20 | else?                                                         | 11:03AM |
| 21 | MR. TENORIO:  One more, Your Honor.                           | 11:03AM |
| 22 | THE COURT:  Juror number and name, please.                   | 11:03AM |
| 23 | JUROR 17:  Your Honor, Juror No. 17.  The last              | 11:03AM |
| 24 | name is Mamaligsa, Jesusa Lizette.                            | 11:03AM |
| 25 | THE COURT:  The last name is Mamaligsa?                      | 11:03AM |

|   |   |   |
|---|---|---|
| 1 | JUROR 17:  Yes, ma'am. | 11:03AM |
| 2 | THE COURT:  Yes, Ms. Mamaligsa? | 11:03AM |
| 3 | JUROR 17:  Yes, Your Honor.  I work at GMH, I | 11:03AM |
| 4 | know Friday is a holiday, but I'm scheduled to work that day | 11:03AM |
| 5 | and, Your Honor, I have a skeleton crew, I work in the | 11:03AM |
| 6 | evening, like 12:00 to 12:30. | 11:03AM |
| 7 | THE COURT:  Mm-hmm.  Okay. | 11:04AM |
| 8 | I'm sorry, so you work from 12:00 -- like noon? | 11:04AM |
| 9 | JUROR 17:  12:00 noon to 12:30 midnight. | 11:04AM |
| 10 | THE COURT:  Midnight? | 11:04AM |
| 11 | JUROR 17:  Yes, Your Honor. | 11:04AM |
| 12 | THE COURT:  All right.  And are you a nurse? | 11:04AM |
| 13 | JUROR 17:  I'm an echocardiogram technologist. | 11:04AM |
| 14 | THE COURT:  There's nobody else -- I mean, if | 11:04AM |
| 15 | you're selected, you may not be selected, but there's nobody | 11:04AM |
| 16 | else that could cover for you if you are selected as a juror? | 11:04AM |
| 17 | JUROR 17:  I have to notify my supervisor. | 11:04AM |
| 18 | THE COURT:  Okay.  So why don't -- okay, so | 11:04AM |
| 19 | there's a possibility that somebody could cover for you? | 11:04AM |
| 20 | JUROR 17:  Yes, ma'am.  Yes, Your Honor. | 11:04AM |
| 21 | THE COURT:  I'll keep you on-call for right now. | 11:04AM |
| 22 | JUROR 17:  Okay, Your Honor. | 11:04AM |
| 23 | THE COURT:  Thank you.  Anyone else?  Okay. | 11:04AM |
| 24 | Ladies and gentlemen, is there any member of the panel -- | 11:04AM |
| 25 | well, first of all, does anybody have -- I hope you can hear | 11:04AM |

1  me, does anybody have a hearing problem?  And if so, we have                                11:04AM
2  -- okay, you have -- because we have a hearing aid, the court                                11:04AM
3  hearing aid, so don't be embarrassed, if you need one, we have                               11:04AM
4  like a little contraption here.  Walter, do you want to show                                 11:05AM
5  it to them?  And one of the jurors is already using -- believe                               11:05AM
6  me, I have lawyers who use this as well.  Does anybody need                                  11:05AM
7  this?  If so, raise your hand.  Okay.                                                        11:05AM
8          Okay, is there any member of the panel who does                                      11:05AM
9  not speak, read, or write the English language?  If so, please                               11:05AM
10  raise your hand.  Does anybody have -- no response.  Does                                     11:05AM
11  anyone have difficulty understanding the English language?  No                                11:05AM
12  response.                                                                                    11:05AM
13          Is there any member of the panel who has a health                                    11:05AM
14  problem or disability that would make it difficult for you or                                 11:05AM
15  impossible for you to serve as a member of the jury?  No                                      11:05AM
16  response.                                                                                    11:05AM
17          And if you want -- if it's sensitive, just raise                                      11:05AM
18  your hand and I can -- you can come to the bench over here and                                11:05AM
19  speak privately with the lawyers.  All right.  No response.                                  11:05AM
20  So have any members of the panel at any time been involved in                                 11:05AM
21  a criminal matter in a court?  So sometimes, you know, we                                      11:06AM
22  might get our house burglarized or somebody in our family                                     11:06AM
23  might get hurt, we might have somebody stole something, any                                    11:06AM
24  type of criminal matter.  So either you or a member of your                                    11:06AM
25  family or close friend who's been involved in a criminal                                      11:06AM

matter.  If so, please raise your hand.  Okay.  And -- Walter?   11:06AM

JUROR 37:  Juror No. 37.   11:06AM

THE COURT:  Okay.  Number 37.   11:06AM

JUROR 37:  My name is Phillip Aquino.   11:06AM

THE COURT:  Okay, Mr. Aquino.   11:06AM

JUROR 37:  A couple of years ago, my house was   11:06AM
broken into with no -- there's no -- it was not resolved.   11:06AM

THE COURT:  Okay.  So does that -- will that   11:06AM
experience affect your ability to be a fair and impartial   11:06AM
juror?   11:06AM

JUROR 37:  I don't know.  It may, it may not.  I   11:06AM
just don't know right now.   11:07AM

THE COURT:  Okay.  All right.  Well, this is not   11:07AM
a burglary case, because that's what it sounds like, somebody   11:07AM
broke into your house and probably took some stuff, is that   11:07AM
it?   11:07AM

JUROR 37:  Yes.   11:07AM

THE COURT:  All right.  This is not a burglary   11:07AM
case so I want you to think about this.  I mean, was your   11:07AM
experience such that you can't forgive the people that were   11:07AM
supposed to be in charge of the investigation?   11:07AM

JUROR 37:  Not that I can't forgive them but I   11:07AM
have the feeling that they just didn't do enough.   11:07AM

THE COURT:  Okay.  And so I want you to think   11:07AM
about this, in fairness to both the prosecution and defense,   11:07AM

1    can you still be fair and impartial -- can you put that aside,    11:07AM

2    that experience that you had with your own burglary of your    11:07AM

3    home, can you put that aside and just decide this case solely    11:07AM

4    on the facts and the law as I give you?    11:07AM

5                    JUROR 37:  I don't know, I may be able to but I    11:07AM

6    really don't know right now.  I can't say.    11:07AM

7                    THE COURT:  Any questions, Counsels, Mr. Leon    11:08AM

8    Guerrero and Mr. Collins?    11:08AM

9                    MR. LEON GUERRERO:  Nothing from the government.    11:08AM

10                   THE COURT:  Mr. Gorman?    11:08AM

11                   MR. GORMAN:  Yeah, I've got a question.  Hi,    11:08AM

12   Mr. Aquino, my name is John Gorman, I'm attorney for    11:08AM

13   Mr. McCarron.  Can you hear me?    11:08AM

14                   THE COURT:  Yeah.  Use your mic, please.    11:08AM

15                   MR. GORMAN:  I'm the attorney for Mr. McCarron.    11:08AM

16   So it sounds like you thought the police didn't do a    11:08AM

17   sufficient job in your case, is that kind of what you're    11:08AM

18   saying?    11:08AM

19                   JUROR 37:  That's how it felt, yes.    11:08AM

20                   MR. GORMAN:  Yeah.  But the judge is going to    11:08AM

21   give you a instruction that -- put that to one side and try to    11:08AM

22   be fair and impartial in this case --    11:08AM

23                   JUROR 37:  I understand.    11:08AM

24                   MR. GORMAN:  -- so -- and that will be like a    11:08AM

25   judicial order.  Do you think when she says that, you'll be    11:08AM

1    able to be fair and impartial?                          11:08AM

2              JUROR 37:  I don't know.  I'd have to hear what   11:08AM

3    the charges are but I just don't know.                 11:08AM

4              THE COURT:  Okay.  I'll tell you the charges in a   11:08AM

5    few minutes, I'll come right back to you.              11:08AM

6              JUROR 37:  Not a problem.                    11:09AM

7              THE COURT:  Okay.                            11:09AM

8              MR. GORMAN:  Thank you.                      11:09AM

9              THE COURT:  All right.  Anybody else have any   11:09AM

10   experience such that -- okay, anyone else have an experience?   11:09AM

11   We have Mr. Aguon [sic], who was a victim.  Okay.  Yes?  Juror   11:09AM

12   number and your name, please?                          11:09AM

13             JUROR 2:  I'm Juror No. 2, Carmen Castro.    11:09AM

14             THE COURT:  Yes, Ms. Castro?                 11:09AM

15             JUROR 2:  I have a family member that was    11:09AM

16   convicted.                                             11:09AM

17             THE COURT:  Okay.                            11:09AM

18             JUROR 2:  And I just felt that, you know, he was   11:09AM

19   set up and, you know, unfortunately he had to serve time.   11:09AM

20             THE COURT:  Okay.                            11:09AM

21             JUROR 2:  And I don't know whether I'll be able   11:09AM

22   to be -- to have a fair mind as far as, you know, judging or   11:09AM

23   trying to put a person's fate on the line.             11:09AM

24             THE COURT:  Okay.  And how long ago did this   11:09AM

25   occur?                                                 11:09AM

| | | |
|---|---|---|
| 1 | JUROR 2:  This was in 2016. | 11:09AM |
| 2 | THE COURT:  And do you know what -- do you recall | 11:10AM |
| 3 | what kind of crime it was? | 11:10AM |
| 4 | JUROR 2:  Yeah, it was drug-related. | 11:10AM |
| 5 | THE COURT:  Drugs, okay.  Okay.  Again, this is | 11:10AM |
| 6 | not a drug case.  Would it depend on the type of crime that we | 11:10AM |
| 7 | have before us? | 11:10AM |
| 8 | JUROR 2:  I'm so scared, I really -- I'll try.  I | 11:10AM |
| 9 | don't know. | 11:10AM |
| 10 | THE COURT:  I don't want you to be scared.  I | 11:10AM |
| 11 | don't want anybody to be scared.  There's no reason to be | 11:10AM |
| 12 | scared. | 11:10AM |
| 13 | JUROR 2:  I don't -- I'll -- I'll try my best.  I | 11:10AM |
| 14 | don't know.  I just -- I don't know how -- I feel -- I'm more | 11:10AM |
| 15 | terrified than anything right now. | 11:10AM |
| 16 | THE COURT:  You're more terrified, what? | 11:10AM |
| 17 | JUROR 2:  I'm more terrified, I don't know, | 11:10AM |
| 18 | just... deciding on a person's fate, I really don't know. | 11:10AM |
| 19 | THE COURT:  You don't feel like you could sit in | 11:10AM |
| 20 | judgment of someone else, that's what you're saying? | 11:10AM |
| 21 | JUROR 2:  Yes. | 11:10AM |
| 22 | THE COURT:  It's too difficult for you? | 11:10AM |
| 23 | JUROR 2:  It's -- it's hard, but you know, I | 11:10AM |
| 24 | don't know what the case is, but... | 11:11AM |
| 25 | THE COURT:  Okay.  Well, I think everybody feels | 11:11AM |

1  that way.  I mean, you know, you're all coming here, it's          11:11AM

2  intimidating sometimes to come into a big courtroom and this       11:11AM

3  is an experience -- this is --- well, this is a civic duty         11:11AM

4  that we all have, but it is an experience and not something        11:11AM

5  that you do every day but my question, Ms. Castro, is can you      11:11AM

6  put aside your feelings that you just described and be fair        11:11AM

7  and impartial to both the defendant and the prosecution?          11:11AM

8                    JUROR 2:  I guess, yes.                          11:11AM

9                    THE COURT:  Well, I don't want you to guess.     11:11AM

10                   JUROR 2:  I'll --                                11:11AM

11                   THE COURT:  I want you to be certain, you know,  11:11AM

12  really, "yes" or "no", can you do it?                             11:11AM

13                   JUROR 2:  I don't think I can.                   11:11AM

14                   THE COURT:  You don't think so?                  11:11AM

15                   JUROR 2:  (Shook head.)  No, sorry.              11:11AM

16                   THE COURT:  All right.  Okay, the Court will     11:11AM

17  excuse you for cause then.  Thank you, Ms. Castro.  Okay.         11:11AM

18  Anyone else?  Okay.  Okay, now -- so, ladies and gentlemen,      11:12AM

19  previously, I was a prosecuting attorney, a Superior Court        11:12AM

20  judge, a Supreme Court justice, and now on the federal court.     11:12AM

21  So I don't know -- I can't remember all the people I have had     11:12AM

22  in my courtroom as a judge for 25 years or as a lawyer for ten    11:12AM

23  years.  And so sometimes I -- could have been involved in a       11:12AM

24  case in any of those capacities.  Has anybody, either related     11:12AM

25  to me or involved in -- involved with me in terms of my          11:12AM

```
 1    capacity of those -- of the positions that I just described?      11:12AM
 2    If so, please raise your hand.  Yes, juror number?                11:13AM
 3                JUROR 19:  Juror number 19.                           11:13AM
 4                THE COURT:  Okay.  Last name and -- full name,         11:13AM
 5    please.                                                           11:13AM
 6                JUROR 19:  Christopher J. Camacho.                     11:13AM
 7                THE COURT:  Yes, Mr. Camacho?                          11:13AM
 8                JUROR 19:  Well, I used to be a PCA, personal          11:13AM
 9    care attendant, for my nephew and you were the judge at that      11:13AM
10    time for Superior Court.                                          11:13AM
11                THE COURT:  Okay, who was that?                        11:13AM
12                JUROR 19:  J.L., Julian Lucian.                        11:13AM
13                THE COURT:  Okay.  Yes -- okay.  So let me ask         11:13AM
14    you, would that affect your ability to be a fair and impartial    11:13AM
15    juror if you're selected?                                         11:13AM
16                JUROR 19:  No.                                         11:13AM
17                THE COURT:  All right.  Thank you, sir,               11:13AM
18    Mr. Camacho.  How is he doing?                                    11:13AM
19                JUROR 19:  He's good -- sorry, he's good.              11:13AM
20                THE COURT:  That's like --                            11:13AM
21                JUROR 19:  Sometime ago.                              11:13AM
22                THE COURT:  That's like 30 years ago.                 11:13AM
23                JUROR 19:  Yeah, but he's doing good.                 11:13AM
24                THE COURT:  I'm glad to hear that.  All right.        11:13AM
25                JUROR 35:  Juror No. 35, Richard P. Balajadia, we     11:13AM
```

| | | |
|---|---|---|
| 1 | are related. | 11:13AM |
| 2 | THE COURT:  Yes, we're cousins. | 11:13AM |
| 3 | JUROR 35:  Right. | 11:13AM |
| 4 | THE COURT:  Okay.  Will that affect your ability | 11:13AM |
| 5 | to be a fair and impartial juror? | 11:14AM |
| 6 | JUROR 35:  No.  It won't. | 11:14AM |
| 7 | THE COURT:  Okay.  Counsels, do you have any | 11:14AM |
| 8 | questions of Mr. Balajadia?  His grandmother and my | 11:14AM |
| 9 | grandmother are sisters.  Mr. Leon Guerrero? | 11:14AM |
| 10 | MR. LEON GUERRERO:  No questions, Your Honor. | 11:14AM |
| 11 | THE COURT:  Mr. Gorman? | 11:14AM |
| 12 | MR. GORMAN:  No questions, Your Honor. | 11:14AM |
| 13 | THE COURT:  Okay.  Thank you, Mr. Balajadia.  All | 11:14AM |
| 14 | right.  Anyone else?  All right.  Does anyone -- I don't -- I | 11:14AM |
| 15 | don't know if this case has had any media coverage.  But -- | 11:14AM |
| 16 | THE DEFENDANT:  (Nodded head.) | 11:14AM |
| 17 | THE COURT:  Okay.  So the Court will -- I've | 11:14AM |
| 18 | already told you the name of the defendant.  Has anyone -- | 11:14AM |
| 19 | does anyone have any knowledge of this case from the media or | 11:14AM |
| 20 | any other source, if so, please raise your hand.  Okay, no | 11:14AM |
| 21 | response.  And so when I talk about the media, I'm not only | 11:14AM |
| 22 | talking about like TV or newspapers but on any blogs, YouTube, | 11:14AM |
| 23 | Facebook, or Twitter.  Please raise your hand -- or any other | 11:14AM |
| 24 | social media.  Okay, no response. | 11:15AM |
| 25 | All right.  Let me just give you the charges in | 11:15AM |

1    the indictment.  Let me just pull it up for you real quickly.    11:15AM

2    I'll have my clerk bring it up.  All right, ladies and    11:15AM

3    gentlemen, you can see this is *United States of America versus*    11:15AM

4    *Michael Louis McCarron*, is it Louis or Luis?    11:15AM

5                    THE DEFENDANT:  Louis, Your Honor.    11:15AM

6                    THE COURT:  Louis?    11:15AM

7                    THE DEFENDANT:  Yes.    11:15AM

8                    THE COURT:  Okay.  "Count 1, attempted enticement    11:15AM

9    of a minor between on or about October 31, 2017, and on or    11:15AM

10   about November 30th, 2017, in the District of Guam, the    11:15AM

11   defendant, Michael Louis McCarron, used a facility and means    11:15AM

12   of interstate and foreign commerce, that is a computer    11:15AM

13   connected to the internet to knowingly attempt to persuade,    11:15AM

14   induce, and entice a person who the defendant believed to be    11:15AM

15   under 18 years of age to engage in sexual activity for which a    11:15AM

16   person can be charged with a criminal offense, to wit, first    11:16AM

17   degree criminal sexual conduct, in violation of 9 Guam Code    11:16AM

18   Annotated Section 2515(a)(1), all in violation of Title 18    11:16AM

19   U.S. Code, that's United States Code Sections 2422(b) and 2.    11:16AM

20   Count 2, attempted transfer of obscene material to a minor,    11:16AM

21   between on or about October 31, 2017, and on or about    11:16AM

22   November 20 --" I mean, "November 30th, 2017, in the District    11:16AM

23   of Guam, the defendant, Michael Louis McCarron, used a    11:16AM

24   facility and means of interstate and foreign commerce, that    11:16AM

25   is, a computer connected to the internet to knowingly attempt    11:16AM

1   to transfer obscene matters to another individual who the       11:16AM

2   defendant believed to be under the age of 16, that is, by       11:16AM

3   sending a female individual the defendant believed was          11:16AM

4   13 years old, approximately 12 images and one video, which      11:16AM

5   depicted an adult male exposing his penis, knowing that such    11:17AM

6   female individual had not attained the age of 16, all in        11:17AM

7   violation of Title 18, United States Code Sections 1470 and     11:17AM

8   2."                                                             11:17AM

9            All right.  Ladies and gentlemen, those are the       11:17AM

10  two charges here.  Do any of you have any belief or feelings    11:17AM

11  towards these type of charges that makes it impossible or       11:17AM

12  difficult for you to act fairly and impartially both as to the  11:17AM

13  -- both as to the defendant McCarron and to the prosecutor?     11:17AM

14  Please raise your hand.  Okay.  Juror number, and name too.     11:17AM

15            JUROR:  (Crying.)                                     11:17AM

16            THE COURT:  You want to come approach the bench?      11:17AM

17  Okay.                                                           11:17AM

18            (Sidebar.)                                            11:17AM

19            THE COURT:  It's okay.  We'll meet with the           11:18AM

20  lawyers.  What's your juror number?                             11:18AM

21            JUROR 18:  Eighteen.                                  11:18AM

22            THE COURT:  Your last name?                           11:18AM

23            JUROR 18:  Villaluna.                                 11:18AM

24            THE COURT:  Okay, yes, Ms. Villaluna, are you         11:18AM

25  okay?                                                           11:18AM

```
 1              JUROR 18:  (Crying.)  No, because I experienced    11:18AM
 2   that when I was younger for years and I don't think I can be  11:18AM
 3   fit.                                                          11:18AM
 4              THE COURT:  All right.  You're excused for cause.  11:18AM
 5              JUROR 18:  (Nodded head.)                          11:18AM
 6              THE COURT:  Take care.  You can just give your --  11:18AM
 7   you can go ahead.  She's gonna be excused for cause.  All     11:18AM
 8   right.  Take care, Ms. Villaluna.                            11:18AM
 9              (End of sidebar.)                                  11:18AM
10              THE COURT:  Okay.  Anyone else?  The question is:  11:18AM
11   Do you have any beliefs or feelings towards these type of     11:19AM
12   charges that would make it impossible or difficult for you to 11:19AM
13   act fairly and impartially?  We'll go back to number 37.      11:19AM
14              MR. TENORIO:  I have one over here, number 20.     11:19AM
15              THE COURT:  Okay.                                  11:19AM
16              MR. TENORIO:  Do you want to talk to her?          11:19AM
17              THE COURT:  Yeah, since you're there, go ahead.    11:19AM
18              MR. TENORIO:  She wants a sidebar.                 11:19AM
19              THE COURT:  Okay.  Yes, come on up.                11:19AM
20              (Sidebar.)                                         11:19AM
21              THE COURT:  Hi.  Can I get your, Ms. --            11:19AM
22              JUROR 17:  Mamaligsa, 17.                          11:19AM
23              THE COURT:  Yeah, okay.  Ms. Mamaligsa, No. 17,    11:19AM
24   go ahead.                                                     11:19AM
25              JUROR 17:  My daughter has a rape case.            11:19AM
```

|   |   |   |
|---|---|---|
| 1 | THE COURT:  Your daughter has a rape case? | 11:19AM |
| 2 | JUROR 17:  Yes. | 11:19AM |
| 3 | THE COURT:  Would that affect your ability to be | 11:19AM |
| 4 | fair and impartial if you were selected in this case? | 11:19AM |
| 5 | JUROR 17:  I'll try. | 11:19AM |
| 6 | THE COURT:  I'm sorry? | 11:19AM |
| 7 | JUROR 17:  I will try but it still hurts.  I will | 11:19AM |
| 8 | try but it hurts. | 11:19AM |
| 9 | THE COURT:  You will try but it hurts? | 11:19AM |
| 10 | JUROR 17:  Yeah. | 11:19AM |
| 11 | THE COURT:  Do you think it's too difficult for | 11:19AM |
| 12 | you to sit in trial? | 11:19AM |
| 13 | JUROR 17:  Yes. | 11:20AM |
| 14 | THE COURT:  It is?  I'm excusing you for cause | 11:20AM |
| 15 | then, Ms. Mamaligsa.  I'm excusing you for cause.  We'll get | 11:20AM |
| 16 | you another time.  Take care.  You're excused. | 11:20AM |
| 17 | JUROR 17:  Thank you. | 11:20AM |
| 18 | THE COURT:  Take care.  Any others that want to | 11:20AM |
| 19 | come up to the bench?  All right.  Okay.  Thank you. | 11:20AM |
| 20 | (End of sidebar.) | 11:20AM |
| 21 | THE COURT:  If any of you want to come up to the | 11:20AM |
| 22 | bench, can you just see Walter or Lani? | 11:20AM |
| 23 | (Sidebar.) | 11:20AM |
| 24 | THE COURT:  I'll keep the lawyers up here.  It's | 11:20AM |
| 25 | not gonna happen -- I was helping you before. | 11:20AM |

| | | |
|---|---|---|
| 1 | Hi. Juror number? Can I get your juror number? | 11:20AM |
| 2 | (The Court ordered this portion sealed.) | 11:20AM |
| 3 | | 11:20AM |
| 4 | | 11:20AM |
| 5 | | 11:20AM |
| 6 | | 11:20AM |
| 7 | | 11:20AM |
| 8 | | 11:20AM |
| 9 | | 11:20AM |
| 10 | | 11:20AM |
| 11 | | 11:20AM |
| 12 | | 11:20AM |
| 13 | | 11:21AM |
| 14 | | 11:21AM |
| 15 | | 11:21AM |
| 16 | | 11:21AM |
| 17 | | 11:21AM |
| 18 | | 11:21AM |
| 19 | | 11:21AM |
| 20 | | 11:21AM |
| 21 | | 11:21AM |
| 22 | | 11:21AM |
| 23 | | 11:21AM |
| 24 | | 11:21AM |
| 25 | | 11:21AM |



*Court of Appeals No. 20-10072, USA v. McCarron*

```
 1                                                              11:21AM
 2                                                              11:21AM
 3                                                              11:21AM
 4                                                              11:21AM
 5                                                              11:21AM
 6                                                              11:21AM
 7                                                              11:21AM
```

8                    (End of sealed portion.)                  11:21AM

9                    MR. TENORIO:  Do you want to let them go that   11:21AM

10   way?  She's going to pick up her --                       11:21AM

11                    THE COURT:  Okay.  All right.  Hold on.   11:21AM

12                    (Pause.)                                  11:21AM

13                    THE COURT:  Weren't you in my other case?  Not   11:22AM

14   you, I'm sorry, Adam somebody -- wasn't Adam --           11:22AM

15                    MR. LEON GUERRERO:  Yes, Your Honor.      11:22AM

16                    THE COURT:  I'm sorry, not you.  Is that Adam   11:22AM

17   Ring?  I remember him.                                    11:22AM

18                    MR. LEON GUERRERO:  The Lopez case, Wilfredo.   11:22AM

19                    THE COURT:  Yeah.                         11:22AM

20                    Juror number and name?                   11:22AM

21                    JUROR 37:  37, my name is Phillip Aquino.   11:22AM

22                    THE COURT:  Yes, Mr. Aquino, go ahead.   11:22AM

23                    JUROR 37:  Yes.  First, I have very strong   11:22AM

24   feelings about the charges.                               11:22AM

25                    THE COURT:  Okay.                         11:22AM

| | | |
|---|---|---|
| 1 | JUROR 37:  I've gone through this before and I | 11:22AM |
| 2 | don't like the way I feel after hearing these things.  Number | 11:22AM |
| 3 | two, I work in communications and I know he's not supposed to | 11:22AM |
| 4 | be doing this stuff through the internet or anything like that | 11:22AM |
| 5 | because of the Communications Act.  That is also a strong | 11:22AM |
| 6 | belief of mine. | 11:22AM |
| 7 | THE COURT:  Okay. | 11:22AM |
| 8 | JUROR 37:  So I don't think I can be fair to this | 11:22AM |
| 9 | person. | 11:22AM |
| 10 | THE COURT:  I don't think you can either.  It | 11:22AM |
| 11 | doesn't sound like it, you're excused for cause. | 11:22AM |
| 12 | JUROR 37:  Thank you, ma'am. | 11:23AM |
| 13 | THE COURT:  You can give it to Walter.  Next, | 11:23AM |
| 14 | please. | 11:23AM |
| 15 | Yes.  Hi.  Can I get your juror number and name. | 11:23AM |
| 16 | JUROR 27:  Juror number 27, Your Honor. | 11:23AM |
| 17 | THE COURT:  Last name? | 11:23AM |
| 18 | JUROR 27: Hara. | 11:23AM |
| 19 | THE COURT:  What is it? | 11:23AM |
| 20 | JUROR 27:  Hara, H-A-R-A. | 11:23AM |
| 21 | THE COURT:  Okay, Ms. Hara. | 11:23AM |
| 22 | JUROR 27:  Well, I'm involved with my background | 11:23AM |
| 23 | of work at Department of Public Health. | 11:23AM |
| 24 | THE COURT:  Okay. | 11:23AM |
| 25 | JUROR 27:  So I can try really hard to be | 11:23AM |

```
 1    impartial but I'd rather just indicate that first that I did      11:23AM
 2    work with social workers and with families in need and so I'm     11:23AM
 3    not sure if I can remain completely impartial to the types of     11:23AM
 4    charges that were indicated.                                      11:23AM
 5              THE COURT:  Is there -- so the question is --           11:23AM
 6    okay, so you know what the charges are but can you set aside      11:23AM
 7    your feelings and be fair and impartial to both the defendant    11:23AM
 8    and prosecution?  Can you just set that aside and listen to      11:23AM
 9    the facts and the law as presented in the courtroom?            11:23AM
10              JUROR 27:  The nature being with children, I           11:24AM
11    don't -- I don't know if I can.  I can try really hard but I     11:24AM
12    -- I don't know how --                                          11:24AM
13              MR. LEON GUERRERO:  I just have a question.           11:24AM
14              THE COURT:  Yeah.                                      11:24AM
15              MR. LEON GUERRERO:  Ma'am --                           11:24AM
16              THE COURT:  Come a little closer.                     11:24AM
17              MR. LEON GUERRERO:  -- out of the cases that you      11:24AM
18    handled, is the majority of them dealing with children or like  11:24AM
19    -- only a small amount of cases that you have dealing with      11:24AM
20    children or --                                                  11:24AM
21              JUROR 27:  Um, they're not majority but because       11:24AM
22    we deal with division of public welfare, we deal -- we do deal  11:24AM
23    with some sensitive or -- you know, about families and --       11:24AM
24              THE COURT:  Are you a CPS social worker?              11:24AM
25              JUROR 27:  I'm not a CPS social worker, no.           11:24AM
```

```
1          THE COURT:  You're public health?                11:24AM

2          JUROR 27:  Yes.                                  11:24AM

3          THE COURT:  Which division are you in?           11:24AM

4          JUROR 27:  I worked under the Division of Public 11:24AM

5    Welfare with the work program section, so we dealt with the   11:24AM

6    temporary assistance of responsibility to needy families.     11:24AM

7          THE COURT:  I see, like food stamps, in          11:24AM

8    particular?                                            11:24AM

9          THE WITNESS:  Welfare and, you know, a lot of    11:24AM

10   sharing information of like families and the children and I   11:25AM

11   just see some circumstances that might just kind of not really 11:25AM

12   make me completely impartial when it comes to children and    11:25AM

13   child abuse and sexual conduct stuff.  I don't know if I can  11:25AM

14   -- I feel my face going when I hear the charges.  I don't     11:25AM

15   know.  I'd rather be honest about it, but I don't know if it  11:25AM

16   makes me unable to...                                  11:25AM

17         THE COURT:  Well, I know, I just need to ask you, 11:25AM

18   can you set that aside and be fair and impartial?      11:25AM

19         JUROR 27:  I can try.                            11:25AM

20         THE COURT:  Okay.  Any questions?                11:25AM

21         MR. LEON GUERRERO:  No.                          11:25AM

22         THE COURT:  Mr. Gorman?                          11:25AM

23         MR. GORMAN:  It sounds like you have very strong 11:25AM

24   feelings on this issue, would that be fair to say?     11:25AM

25         JUROR 27:  Yeah.  I have to be honest, I have    11:25AM
```

```
 1    strong feelings on this issue.                        11:25AM
 2              MR. GORMAN:  Yeah, I mean, you have -- given does    11:25AM
 3    it -- when the judge says can you be fair, but then you have   11:25AM
 4    deeply-held strong feelings about an issue like this, do you   11:25AM
 5    really think you could be fair?                        11:26AM
 6              JUROR 27:  It's like you have to give me more    11:26AM
 7    details but at the same time, more details kind of make me    11:26AM
 8    already uncomfortable.                                 11:26AM
 9              MR. GORMAN:  Is it because -- you said earlier    11:26AM
10    your face was getting red, you just starting to get upset    11:26AM
11    already, is that true?                                 11:26AM
12              JUROR 27:  When it comes to children, yes.    11:26AM
13              MR. GORMAN:  Yeah, it's natural.             11:26AM
14              JUROR 27:  Yes.                              11:26AM
15              THE COURT:  Okay.  The Court will excuse you for    11:26AM
16    cause then.                                            11:26AM
17              JUROR 27:  Okay.                             11:26AM
18              THE COURT:  Thank you.                       11:26AM
19              MR. GORMAN:  Thank you for your honesty.      11:26AM
20              THE COURT:  Walter?  Okay, next.             11:26AM
21              Yes, juror number and name?                  11:26AM
22              JUROR 36:  36, Ann Marie Trusso.             11:26AM
23              THE COURT:  Yes.                             11:26AM
24              JUROR 36:  I'm currently a teacher with the Guam    11:26AM
25    public school system.                                 11:26AM
```

```
 1            THE COURT:  Yeah.                                11:26AM

 2            JUROR 36:  And I worked at CPS for ten years.  I  11:26AM

 3  transcribe all reports that need to be related to any type of  11:27AM

 4  abuse of a minor.                                          11:27AM

 5            MR. GORMAN:  You need to speak louder.          11:27AM

 6            THE COURT:  You want to repeat that?            11:27AM

 7            JUROR 36:  So after ten years of working there, I  11:27AM

 8  left the field, and now I'm a teacher so I do deal with minors  11:27AM

 9  on a daily basis and I think because of my experience in both  11:27AM

10  fields where I was at and with where I'm at now, I feel that  11:27AM

11  this case, I don't know if I'm -- I don't think I'll be able  11:27AM

12  to give a fair trial to the defendant.                    11:27AM

13            THE COURT:  Okay.  Can I have you just step back  11:27AM

14  for a second?  I'm going to talk to the attorneys for a   11:27AM

15  second.                                                    11:27AM

16            JUROR 36:  Sure.                                 11:27AM

17            THE COURT:  Let me just ask you:  Is this similar  11:27AM

18  to the other case that we had?  The other one where --    11:27AM

19            MR. GORMAN:  Yes.                                11:27AM

20            THE COURT:  -- somebody is posing as a minor but  11:27AM

21  they're not really a minor, right?                        11:27AM

22            MR. COLLINS:  Yes, Your Honor.                   11:27AM

23            MR. GORMAN:  But if they're gonna be arguing if  11:28AM

24  my client thought --                                      11:28AM

25            MR. LEON GUERRERO:  It's still related.         11:28AM
```

1          MR. GORMAN:  So I like what you first said,

2     that's good for the defense, but they've got an argument that

3     is really all about 13-year-old little girls.

4          THE COURT:  Okay.  Yeah, let me call Ms. Trusso.

5     Thank you.  I just want to verify that though.  Okay.  All

6     right.  Okay, so can you -- having had that experience, could

7     you set aside that experience and be fair and impartial to the

8     defendant and the prosecution by just focusing on the law and

9     the evidence that's presented in the courtroom?

10          JUROR 36:  Yes.  Yes, ma'am, I can.

11          THE COURT:  You can?

12          JUROR 36:  I can do that.

13          THE COURT:  Prosecution?

14          MR. LEON GUERRERO:  (Nodded head.)

15          THE COURT:  Defense?

16          MR. GORMAN:  It worries me because I thought when

17     you first started talking about this, it looked liked you were

18     going to start crying.

19          JUROR 36:  Yes.  Well --

20          MR. GORMAN:  So that to me shows that you really

21     have very deep feelings about an issue like this, regarding

22     possible sexual exploitation of children.

23          JUROR 36:  (Nodded head.)

24          MR. GORMAN:  That's what this case is.  And even

25     though the judge tells you to be honest and give him a fair

```
 1    trial, do you really think on the basis of this experience in      11:29AM
 2    your area you could be fair?                                        11:29AM
 3                     JUROR 36:  No, I'm going to have the memories of   11:29AM
 4    typing the report and having that feeling come to mind, you         11:29AM
 5    know, still coming.                                                 11:29AM
 6                     THE COURT:  So you don't think you could set all   11:29AM
 7    that aside?                                                         11:29AM
 8                     JUROR 36:  I could try but I -- I don't think I'd  11:29AM
 9    be fair.  I don't -- it would be too hard for me, Your Honor.       11:29AM
10                     THE COURT:  Okay.  The Court will excuse you for   11:29AM
11    cause then.  Thank you, Ms. Trusso.  How is your husband?           11:29AM
12                     JUROR 36:  He's fine.                              11:29AM
13                     THE COURT:  Tell him hi.  I know her from Yona.    11:29AM
14                     Okay, next?  Juror number and name.  Hi, juror,   11:29AM
15    you want to come a little closer.                                   11:30AM
16                     JUROR 20:  Number 20, Conchita Iglopas.           11:30AM
17                     MR. GORMAN:  Hello, Conchita.                      11:30AM
18                     THE COURT:  What's your last name?                 11:30AM
19                     JUROR 20:  Iglopas.                                11:30AM
20                     THE COURT:  Iglopas, okay, yes.                    11:30AM
21                     JUROR 20:  I'm here because I just want to let    11:30AM
22    you know that I have a language barrier.                            11:30AM
23                     THE COURT:  Okay.                                  11:30AM
24                     JUROR 20:  Um, I'm Filipino, so it's very...      11:30AM
25    sometimes hard for me to speak.                                     11:30AM
```

| | | |
|---|---|---|
| 1 | THE COURT:  Okay. | 11:30AM |
| 2 | JUROR 20:  And to understand. | 11:30AM |
| 3 | THE COURT:  Okay. | 11:30AM |
| 4 | JUROR 20:  I have a very, very basic English | 11:30AM |
| 5 | only.  And I get so nervous because I just come out from an | 11:30AM |
| 6 | emotional problem that I had. | 11:30AM |
| 7 | MR. GORMAN:  She has a pending federal case. | 11:30AM |
| 8 | JUROR 20:  It's already done. | 11:30AM |
| 9 | MR. GORMAN:  Oh, it's done? | 11:30AM |
| 10 | JUROR 20:  Yes. | 11:30AM |
| 11 | MR. GORMAN:  I was her attorney before. | 11:30AM |
| 12 | THE COURT:  Oh, you have -- so Mr. Gorman was | 11:30AM |
| 13 | your lawyer? | 11:30AM |
| 14 | MR. GORMAN:  Before. | 11:31AM |
| 15 | JUROR 20:  Where I got a fine and we pay -- | 11:31AM |
| 16 | MR. GORMAN:  That's -- yeah. | 11:31AM |
| 17 | JUROR 20:  Thank you so much for accepting me. | 11:31AM |
| 18 | THE COURT:  How long ago was that? | 11:31AM |
| 19 | JUROR 20:  (No response.) | 11:31AM |
| 20 | THE COURT:  Your case with Mr. Gorman? | 11:31AM |
| 21 | JUROR 20:  2017. | 11:31AM |
| 22 | MR. GORMAN:  But it just has been wrapped up this | 11:31AM |
| 23 | year, right? | 11:31AM |
| 24 | JUROR 20:  Yeah. | 11:31AM |
| 25 | THE COURT:  What kind of charge was this, is this | 11:31AM |

```
 1    downstairs?                                              11:31AM

 2                JUROR 20:  No, this is the company --        11:31AM

 3                MR. GORMAN:  Labor or false laboring allegation.  11:31AM

 4                THE COURT:  I see.                            11:31AM

 5                JUROR 20:  It's a company, so finally the --  11:31AM

 6    finally the company paid for the fine.                   11:31AM

 7                THE COURT:  I see.  All right.  I'll excuse you  11:31AM

 8    for cause.                                               11:31AM

 9                JUROR 20:  And -- and still have right now    11:31AM

10    emotional and like --                                    11:31AM

11                THE COURT:  I understand.                     11:31AM

12                JUROR 20:  I'm trying to -- you know, recover  11:31AM

13    some.                                                     11:31AM

14                MR. GORMAN:  Yeah.  No, a very traumatic       11:31AM

15    experience.                                               11:31AM

16                JUROR 20:  I really want to see you and thank  11:31AM

17    you.                                                      11:31AM

18                MR. GORMAN:  Yes, yes, yes.                    11:31AM

19                THE COURT:  Sounds likes you like him?         11:31AM

20                JUROR 20:  No, he's very nice.  He was.        11:31AM

21                MR. GORMAN:  She has good taste.               11:31AM

22                JUROR 20:  (Laughing.)  No, he accepted me     11:31AM

23    without no question at all, he was very open his arms for me.  11:31AM

24                THE COURT:  Very good.                         11:32AM

25                JUROR 20:  He really helped me a lot to go     11:32AM
```

1   through.                                                    11:32AM

2           MR. GORMAN:  Well, I'm glad it ended up that way,   11:32AM

3   that's the way it should have been.                         11:32AM

4           JUROR 20:  That's what you told me and that's why   11:32AM

5   I really want to see him and I'm just waiting to clear the  11:32AM

6   check and everything but I want to see him and hug him and say 11:32AM

7   thank you.                                                  11:32AM

8           MR. GORMAN:  We can't do it here.                   11:32AM

9           JUROR 20:  No, not here.  And also Lani also,       11:32AM

10  Lani.                                                       11:32AM

11          MR. GORMAN:  Yes.                                   11:32AM

12          JUROR 20:  Lujan.                                   11:32AM

13          THE COURT:  You're excused for cause.  Thank you.   11:32AM

14  Good luck to you.  You take care.                           11:32AM

15          MR. GORMAN:  Good to see you.                       11:32AM

16          THE COURT:  Next, please.  Yes, okay, juror         11:32AM

17  number and name?                                            11:32AM

18          JUROR 26:  26, Arciaga.                             11:32AM

19          THE COURT:  Last name?                              11:32AM

20          JUROR 26:  Arciaga.                                 11:32AM

21          THE COURT:  Yes, Mr. Arciaga, why don't you come    11:32AM

22  a little closer here.  You gotta speak on this.  Okay.      11:32AM

23          JUROR 26:  Oh, um, it just -- I have dealt with     11:32AM

24  stuff like this in the past with friends who have gone through 11:32AM

25  this and I don't think I can really make a sound objective, 11:32AM

1  you know, judgment, especially specifically on cases like          11:33AM

2  these, if that's understandable.  I don't know if I'll be able      11:33AM

3  to objectively or I don't -- not that -- I don't know, I know       11:33AM

4  I won't make an objective...                                        11:33AM

5          THE COURT:  You can't -- so you had experience             11:33AM

6  with somebody, one of your friends, that have been involved in      11:33AM

7  these type of --                                                    11:33AM

8          JUROR 26:  Yeah, back in high school.                      11:33AM

9          THE COURT:  Okay.  How long ago was high school?           11:33AM

10          JUROR 26:  Three years, two years.                        11:33AM

11          THE COURT:  You graduated two or three years ago?         11:33AM

12          JUROR 26:  I graduated 2018.                              11:33AM

13          THE COURT:  So a year ago?  And could you set             11:33AM

14  that aside and just listen to the case and listen to facts and     11:33AM

15  the law as the Court gives you?                                    11:33AM

16          JUROR 26:  I'm sorry, I don't think I can.                11:33AM

17          THE COURT:  All right.                                    11:33AM

18          MR. LEON GUERRERO:  Can I ask some questions?             11:33AM

19          THE COURT:  Yes.                                          11:33AM

20          MR. LEON GUERRERO:  Were your friends victims or          11:33AM

21  were they the ones that were being alleged to have been            11:33AM

22  committed?                                                         11:33AM

23          JUROR 26:  Victims.                                       11:33AM

24          MR. LEON GUERRERO:  And you don't know the                11:33AM

25  defendant in this case; right?                                     11:33AM

1        JUROR 26:  I do not know him.                    11:34AM

2        MR. LEON GUERRERO:  Okay.  And so just to make    11:34AM

3  sure we're clear, you don't know him and would you agree that    11:34AM

4  right now he's presumed to be innocent until proven guilty?    11:34AM

5        JUROR 26:  Yes.                                  11:34AM

6        MR. LEON GUERRERO:  And knowing that, you still    11:34AM

7  have some reluctance not knowing him, listen to the evidence    11:34AM

8  --                                                    11:34AM

9        JUROR 26:  Especially with MeToo and all that    11:34AM

10  stuff, it's kind of really hard for me to not be bias.    11:34AM

11        THE COURT:  Okay.  The Court will excuse for    11:34AM

12  cause.  Thank you, Mr. Arciaga, good luck.          11:34AM

13        JUROR 26:  Thank you.                           11:34AM

14        THE COURT:  You're excused for cause.  Give that    11:34AM

15  to Walter.                                           11:34AM

16        Okay.  Next, please.  Juror number and name?    11:34AM

17        JUROR 11:  Eleven.                              11:34AM

18        THE COURT:  11, last name?                      11:34AM

19        JUROR 11:  Valencia.                            11:34AM

20        THE COURT:  Come on up, Ms. Valencia.  Yes, Ms.    11:34AM

21  Valencia?                                            11:34AM

22        JUROR 11:  This happened to me before.          11:34AM

23        THE COURT:  Okay.  It did, you had a case like    11:34AM

24  this before?                                         11:34AM

25        JUROR 11:  It's not a -- a case back in the    11:35AM

```
 1   Philippines.                                              11:35AM
 2              THE COURT:  Okay.  The --                       11:35AM
 3              JUROR 11:  I'm so -- I can't do it.             11:35AM
 4              THE COURT:  It's hard for you, it sounds likes. 11:35AM
 5              JUROR 11:  (Nodding.)                           11:35AM
 6              THE COURT:  The Court notes that you're crying  11:35AM
 7   and the Court will excuse for cause.  You can grab a Kleenex. 11:35AM
 8   Do you have your -- do you have your purse and everything with 11:35AM
 9   you?  Do you have -- go back and get it.                   11:35AM
10              JUROR 11:  No.                                  11:35AM
11              THE COURT:  Okay.  Walter.  All right.  Ms.     11:35AM
12   Valencia, excused for cause then.  All right.              11:35AM
13              JUROR 11:  Thank you.                           11:35AM
14              THE COURT:  Good luck to you.  She can go.  She's 11:35AM
15   got everything.                                            11:35AM
16              All right.  You're going to have to call back the 11:35AM
17   jurors tomorrow, I can tell.                               11:35AM
18              MR. GORMAN:  It's a minefield emotionally.      11:35AM
19              THE COURT:  Yeah, it is.                        11:35AM
20              Juror number and name?                          11:35AM
21              JUROR 29:  My number is 29 and my name is       11:35AM
22   Vivencio Gatus.                                            11:36AM
23              THE COURT:  Last name?                          11:36AM
24              JUROR 29:  Gatus.                               11:36AM
25              THE COURT:  G-A-T-O-S?                          11:36AM
```

|   |   |   |
|---|---|---|
| 1 | JUROR 29:  U-S, T-U-S. | 11:36AM |
| 2 | THE COURT:  Yes, Mr. Gatus, go ahead. | 11:36AM |
| 3 | JUROR 29:  I think, Your, Honor I'm not qualified | 11:36AM |
| 4 | to be a juror. | 11:36AM |
| 5 | THE COURT:  You're not qualified to be a juror? | 11:36AM |
| 6 | JUROR 29:  Yeah, because my education attainment, | 11:36AM |
| 7 | I did not reach high school. | 11:36AM |
| 8 | THE COURT:  Okay.  You don't have to -- you don't | 11:36AM |
| 9 | have to reach high school, the question is can you understand | 11:36AM |
| 10 | English? | 11:36AM |
| 11 | JUROR 29:  Not -- not really.  I can read but I | 11:36AM |
| 12 | don't know the meaning sometimes. | 11:36AM |
| 13 | THE COURT:  You have difficulty in -- | 11:36AM |
| 14 | JUROR 29:  Yeah. | 11:36AM |
| 15 | THE COURT:  -- understanding meaning of an | 11:36AM |
| 16 | English word? | 11:36AM |
| 17 | JUROR 29:  Yes.  Yes, Your Honor. | 11:36AM |
| 18 | THE COURT:  Okay.  But you're not disqualified | 11:36AM |
| 19 | because you didn't go to high school.  There's a lot of people | 11:36AM |
| 20 | that didn't go to high school. | 11:36AM |
| 21 | JUROR 29:  Yeah, but sometimes it's hard for me | 11:36AM |
| 22 | to understand English because, you know, my education | 11:36AM |
| 23 | attainment is not that high. | 11:36AM |
| 24 | THE COURT:  You speak pretty well.  You speak | 11:36AM |
| 25 | pretty good. | 11:36AM |

1    JUROR 29:  It's only experience because, you           11:36AM

2  know, I just came from rural area, and my dad told me   11:37AM

3  education is not really important.                       11:37AM

4    THE COURT:  Okay.                                      11:37AM

5    JUROR 29:  He -- at that time he want me to help       11:37AM

6  to our farm.  He just told me to help him in the farm and --  11:37AM

7    THE COURT:  Okay.  I'll excuse you for cause           11:37AM

8  then.  Okay.  All right.  Thank you then, Mr. Gatus, that's  11:37AM

9  fine.                                                    11:37AM

10    JUROR 29:  Thank you.  So --                           11:37AM

11    THE COURT:  You're excused.                            11:37AM

12    JUROR 29:  Thank you very much, Your Honor.            11:37AM

13    THE COURT:  That's it.                                 11:37AM

14    (End of sidebar.)                                      11:37AM

15    THE COURT:  Okay.  Mr. Leon Guerrero and Mr.          11:37AM

16  Collins have introduced themselves.  Now they're going to tell  11:38AM

17  us who they intend to call as witnesses.  They're going to  11:38AM

18  name their witnesses and then they're going to introduce  11:38AM

19  themselves.  We'll talk a little bit about who they are and  11:38AM

20  Mr. -- you can ask a few questions with regard to your office.  11:38AM

21  Mr. Leon Guerrero or Mr. -- Mr. Leon Guerrero?           11:38AM

22    MR. LEON GUERRERO:  Yes, Your Honor.                   11:38AM

23    THE COURT:  Go ahead.                                  11:38AM

24    MR. LEON GUERRERO:  All right.  Hafa adai,             11:38AM

25  everyone.  Stephen Leon Guerrero, I'm a U.S. Attorney.  Prior  11:38AM

```
1   to being at the U.S. Attorney's office, I was also at the Guam          11:38AM
2   Attorney General's office.  I'm also in the Guam Air National           11:38AM
3   Guard, and so I also work in that capacity.                             11:38AM
4              THE COURT:  Okay.                                            11:38AM
5              MR. COLLINS:  Good morning, ladies and gentlemen.            11:38AM
6   My name is Special Assistant U.S. Attorney Justin Collins, I            11:38AM
7   do work with the U.S. Attorney's office.  My primary job,              11:38AM
8   however, is an active duty military officer.  I am a lawyer             11:39AM
9   with the Navy and I've come down here to work on this case              11:39AM
10  with Mr. Leon Guerrero.  I've been on Guam for about                    11:39AM
11  two-and-a-half years.                                                   11:39AM
12             THE COURT:  Okay.                                            11:39AM
13             MR. LEON GUERRERO:  Did you want me to mention               11:39AM
14  the witnesses?                                                          11:39AM
15             THE COURT:  Yes, you can -- do you have photos of            11:39AM
16  the witnesses, and so --                                                11:39AM
17             Well, you have two that are here.  Can you --                11:39AM
18             MR. LEON GUERRERO:  Yes, Your Honor.                         11:39AM
19             THE COURT:  You've already introduced them but if            11:39AM
20  you want to reintroduce them as the witnesses, who will be              11:39AM
21  called.                                                                 11:39AM
22             MR. LEON GUERRERO:  So the case agents in this               11:39AM
23  case, there's two, there is Christine Albo, and she's with the          11:39AM
24  Naval Criminal Investigative Service known as NCIS, and then            11:39AM
25  we also have Agent Adam Ring and he's with the Air Force                11:39AM
```

```
 1    Office of Special Investigations, OSI.                    11:39AM

 2              THE COURT:  Can I ask the agents to please turn  11:39AM

 3    around and then just -- just do that real quickly so that the  11:39AM

 4    jurors can see you.  Thank you very much, Mr. Ring and Ms.  11:39AM

 5    Albo, okay.                                                11:39AM

 6              MR. LEON GUERRERO:  We may have a possible       11:39AM

 7    witness, his name is Joshua Kipp and he works with the Federal  11:39AM

 8    Bureau of Investigations, the FBI.  I do have a photo, Your  11:40AM

 9    Honor, if I can use the ELMO.                              11:40AM

10              THE COURT:  Sure.                                11:40AM

11              And this is --                                   11:40AM

12              MR. LEON GUERRERO:  Joshua Kipp with the FBI.    11:40AM

13              THE COURT:  Those are your three witnesses?      11:40AM

14              MR. LEON GUERRERO:  That's correct.              11:40AM

15              THE COURT:  So he may not be called but he's     11:40AM

16    somebody you may call?                                     11:40AM

17              MR. LEON GUERRERO:  Yes, Your Honor.             11:40AM

18              THE COURT:  All right.  Ladies and gentlemen of  11:40AM

19    the jury, do any of you know Mr. Leon Guerrero or Mr. Collins  11:40AM

20    or any of the witnesses whom they've indicated will testify at  11:40AM

21    trial, and if so, please raise your hand.  Okay.  We'll have  11:40AM

22    you -- microphone, please.  Can I get your juror number and  11:40AM

23    name?                                                      11:40AM

24              JUROR 28:  My juror number is 28, Jo Ann         11:40AM

25    Augustine.                                                 11:41AM
```

|   |   |   |
|---|---|---|
| 1 | THE COURT:  Yes. | 11:41AM |
| 2 | JUROR 28:  I know the prosecutor, we worked | 11:41AM |
| 3 | together before at the Office of Attorney General. | 11:41AM |
| 4 | THE COURT:  Okay.  And how long ago was that? | 11:41AM |
| 5 | JUROR 28:  It's been a couple of -- a little | 11:41AM |
| 6 | under ten years, I think. | 11:41AM |
| 7 | THE COURT:  Okay.  And did you work closely with | 11:41AM |
| 8 | Mr. Leon Guerrero? | 11:41AM |
| 9 | JUROR 28:  Sometimes, yes. | 11:41AM |
| 10 | THE COURT:  All right.  And -- so do you know him | 11:41AM |
| 11 | very well? | 11:41AM |
| 12 | JUROR 28:  I haven't seen him in a long time but | 11:41AM |
| 13 | -- | 11:41AM |
| 14 | THE COURT:  When's the last time you saw him | 11:41AM |
| 15 | before today? | 11:41AM |
| 16 | JUROR 28:  His daughter's first birthday. | 11:41AM |
| 17 | THE COURT:  Okay.  Was that -- how long ago was | 11:41AM |
| 18 | that? | 11:41AM |
| 19 | JUROR 28:  It's been -- I can't really put how | 11:41AM |
| 20 | many years but it's been a long time, a little under ten | 11:41AM |
| 21 | years. | 11:41AM |
| 22 | THE COURT:  How old is your daughter? | 11:41AM |
| 23 | MR. LEON GUERRERO:  She's 10, Your Honor. | 11:41AM |
| 24 | THE COURT:  Okay.  So nine years ago, nine -- ten | 11:41AM |
| 25 | years ago, okay.  So are you -- do you feel close to Mr. Leon | 11:41AM |

1    Guerrero?                                                          11:41AM

2           JUROR 28:  Not -- not really, no.                          11:41AM

3           THE COURT:  Could you still be fair and                    11:41AM

4    impartial --                                                      11:41AM

5           JUROR 28:  Yes.                                            11:41AM

6           THE COURT:  -- to the defense if you were                  11:41AM

7    selected as a juror?                                              11:42AM

8           JUROR 28:  Yes.                                            11:42AM

9           THE COURT:  Okay.  Any questions, Mr. Leon                 11:42AM

10   Guerrero or Mr. Gorman?                                           11:42AM

11          MR. GORMAN:  Yes, Your Honor.                              11:42AM

12          THE COURT:  Go ahead.                                      11:42AM

13          MR. GORMAN:  Good morning, Ms. Augustine.  So how          11:42AM

14   long have you worked with the Attorney General's office?         11:42AM

15          JUROR 28:  I'm on my tenth year.                           11:42AM

16          MR. GORMAN:  Tenth year.  Have you ever been on a          11:42AM

17   jury before?                                                      11:42AM

18          JUROR 28:  Yes.                                            11:42AM

19          MR. GORMAN:  Okay.  So you've been working with            11:42AM

20   the government and the prosecution a really long time?           11:42AM

21          JUROR 28:  Yes.                                            11:42AM

22          MR. GORMAN:  But you still think you could be              11:42AM

23   fair?  I mean, I'm not trying to accuse you, I'm just saying,    11:42AM

24   realistically, you're friends, you went to a birthday party     11:42AM

25   for his daughter, and you're a long-time prosecution employee,  11:42AM

1  but you still think you could be 100 percent fair in this
2  case?
3            JUROR 28:  I think so, yeah.  I mean, I believe
4  so.  It would be right to be fair, so yes.
5            MR. GORMAN:  No, absolutely, it would be right to
6  be fair but yeah, I mean, you can understand why I'm --
7            JUROR 28:  Yes.
8            MR. GORMAN:  -- kind of suspicious, yeah.  But
9  you really do think you could give us a fair shot?
10           JUROR 28:  Yes.
11           MR. GORMAN:  And you do believe that my client,
12  Mr. McCarron, he has the full presumption of innocence that as
13  he sits before you today, he's 100 percent innocent?
14           JUROR 28:  (Pause. ) Until -- yes.
15           MR. GORMAN:  You kind of hesitated there.  That
16  makes me worry.
17           JUROR 28:  Like I'd have to listen to everything
18  and see it before I just say yes, but yes.
19           MR. GORMAN:  Well, actually, the law is pretty
20  clear --
21           THE COURT:  Let me just -- as I indicated
22  earlier, the defendant is presumed innocent unless and until
23  the prosecutor proves that he is guilty.  So as he sits here
24  today, he is presumed innocent.  Mr. Gorman is right.
25           JUROR 28:  Yes.

| | | |
|---|---|---|
| 1 | THE COURT: You accept that? | 11:43AM |
| 2 | JUROR 28: I accept it. | 11:43AM |
| 3 | THE COURT: Okay. | 11:43AM |
| 4 | MR. GORMAN: For sure? | 11:43AM |
| 5 | JUROR 28: Yes. | 11:43AM |
| 6 | MR. GORMAN: Okay. Nothing further. | 11:43AM |

1    THE COURT: You accept that?                          11:43AM

2    JUROR 28: I accept it.                                11:43AM

3    THE COURT: Okay.                                      11:43AM

4    MR. GORMAN: For sure?                                 11:43AM

5    JUROR 28: Yes.                                        11:43AM

6    MR. GORMAN: Okay. Nothing further.                    11:43AM

7    THE COURT: All right. Thank you. You may be           11:44AM

8 seated. Anyone else know the witnesses or Mr. Leon Guerrero    11:44AM

9 or Mr. Collins? If so, please raise your hand. Does anybody    11:44AM

10 have any, you know, connections with the Attorney General's    11:44AM

11 office in any way? Okay, no response. All right.             11:44AM

12 Mr. Gorman, you may speak to the jurors and introduce         11:44AM

13 yourselves and your client.                                   11:44AM

14    MR. GORMAN: Good morning. John Gorman, I'm the        11:44AM

15 Federal Public Defender here in Guam. So I'm not originally   11:44AM

16 from Guam but I've been living here for the past 22 years. So 11:44AM

17 I represent Mike McCarron here, and also appearing for our    11:44AM

18 office is Renate Grimes here.                                 11:44AM

19    THE COURT: Okay. Do any members of the jury        11:44AM

20 panel know Mr. Gorman, Ms. Grimes, or the defendant,          11:44AM

21 Mr. McCarron? If so, please raise your hand. No response.     11:44AM

22 Does anybody have any business or dealings with the federal   11:45AM

23 public defender's office? Okay, no response.                  11:45AM

24    All right. Ladies and gentlemen, if you are       11:45AM

25 selected to sit on this case, you will be -- the question is, 11:45AM

1    is there anybody here -- well, strike that.                 11:45AM

2              If you're selected to be seated on this case, you 11:45AM

3    must render a verdict solely on the evidence that's presented 11:45AM

4    at trial and the law as I give it to you and my instructions. 11:45AM

5    You must put aside any other beliefs or ideas you may have   11:45AM

6    about the law.  Is there anyone here who cannot do that?  If 11:45AM

7    so, please raise your hand.                                 11:45AM

8              Okay.  Having heard the questions put to you by  11:45AM

9    the Court, is there any reason that you know that would     11:45AM

10   prevent you from sitting on this jury and rendering a fair   11:45AM

11   verdict based on the evidence presented and the instructions 11:46AM

12   as I may give you?  Any other reason or any reason?  All    11:46AM

13   right.  No response.                                        11:46AM

14             All right.  Are there any additional challenges  11:46AM

15   for cause, Counsels?  If not, we'll move into peremptories. 11:46AM

16   Before we do that, I'll have the first 12 jurors starting from 11:46AM

17   seat number one, okay, so just introduce yourself.  So --   11:46AM

18             (Pause.)                                          11:46AM

19             THE COURT:  All right.  Can you please -- so what 11:46AM

20   I'm going to ask you to do, ladies and gentlemen of the jury, 11:46AM

21   here you have your questionnaire, you see this, right?  I'm  11:46AM

22   just showing it to you.  So basically I just want you to read 11:46AM

23   it, say "My name is," you know, "Frances, I am a teacher," you 11:46AM

24   know, whatever it might be, so just go down the line and just 11:47AM

25   say that, okay?  So we could -- if you could identify        11:47AM

1    yourself, we'll go through 1 through 12.  Okay, you may begin.    11:47AM

2              JUROR 1:  My name is Melvin Ngiratumerang.  I'm    11:47AM

3    an electrician for the Navy as a civilian.  I went to college    11:47AM

4    for about a year and also for trade school.  I haven't had any    11:47AM

5    law enforcement training, I'm married, and -- do I have to    11:47AM

6    state my wife's name?    11:47AM

7              THE COURT:  You don't have to.  That's fine.    11:47AM

8              JUROR 1:  I have three boys and I don't serve in    11:47AM

9    the military but I work for the military as a civilian.  None    11:47AM

10   of my immediate family members are in the military and I    11:47AM

11   served as a juror for the trial jury at the Superior Court and    11:47AM

12   it was for a criminal case and we did reach a verdict.    11:48AM

13             THE COURT:  Okay.  The thank you.  Okay, juror    11:48AM

14   number two -- okay, wait, wait, I'm sorry, juror number three.    11:48AM

15   Okay.  Your seat -- juror number 2 is excused, so juror number    11:48AM

16   three.    11:48AM

17             JUROR 3:  My name is Matthew Oliva.  I'm a    11:48AM

18   courier for DHL Express.  I completed high school.  I did go    11:48AM

19   to college for one year.  No law enforcement training.  I'm    11:48AM

20   single.  I have one child, her name is Lira.  I have not    11:48AM

21   served in the military, I do have a brother who is in the    11:48AM

22   National Guard.  I have served on -- as a juror before at the    11:48AM

23   Superior Court of Guam.  It was a criminal case and we did    11:48AM

24   reach a verdict.    11:48AM

25             THE COURT:  Okay.  Thank you very much and that    11:48AM

```
 1   is Mr. -- Oliva?                                            11:48AM

 2              JUROR 3:  Oliva.                                  11:48AM

 3              THE COURT:  Okay.  Next juror, number 4.  And     11:49AM

 4   Counsels, they've already been randomly selected through the 11:49AM

 5   machine and then they're seated randomly already, okay.  Juror 11:49AM

 6   No. 4.                                                       11:49AM

 7              JUROR 4:  Juror No. 4, my name is Erwin Felisan.  11:49AM

 8   I'm a truck driver for CTSI.  I didn't finish high school.   11:49AM

 9   I'm not trained in the -- nothing training.  Married, one    11:49AM

10   daughter.  I'm not in the military, no.  One time I served at 11:49AM

11   Court in criminal and yes, we had a verdict.                 11:49AM

12              THE COURT:  Thank you.  Juror No. 5.              11:49AM

13              JUROR 5:  I'm juror No. 5, my name is Christine   11:49AM

14   Darlene Quinata.  I'm an administrative aide, I work for Guam 11:49AM

15   Community College.  I did complete high school.  I've never  11:49AM

16   had any law enforcement training.  I am single, however, with 11:50AM

17   three children.  I never served in the military and I do have 11:50AM

18   a son that's in the National Guard, the Army National Guard. 11:50AM

19   I've served as a juror with the Superior Court in a civil case 11:50AM

20   and we did reach a verdict.  Thank you.                      11:50AM

21              THE COURT:  Okay.  And --                         11:50AM

22              JUROR 5:  I'm juror --                            11:50AM

23              THE COURT:  I'm sorry.  You're Ms. Quinata,       11:50AM

24   right?                                                       11:50AM

25              JUROR 5:  Yes.                                    11:50AM
```

1    THE COURT:  Okay.  You indicated in your form you
2 did not serve as a juror, you meant to say "yes"?
3    JUROR 5:  I indicated yes -- oh, I'm sorry, yes,
4 it's supposed to be yes.
5    THE COURT:  So you meant to say "yes"?
6    JUROR 5:  Yes.
7    THE COURT:  All right.  Very well.  Go ahead.
8 Six, please.
9    JUROR 6:  Juror No. 6, my name is Deawn Rochelle
10 Tenorio, I'm a bank teller for First Hawaiian Bank.  I have
11 completed high school, never had any law enforcement training.
12 I am single.  I have three children, never served in the
13 military.  My fiance is in the Guam Air National Guard.  I
14 have never served as a juror before.
15    THE COURT:  Thank you.  Juror number 7.
16    JUROR 7:  Hi.  I am juror No. 7, my name is
17 Ashlee Lynn Escrupulo.  I'm a sales associate at Cafe N' Play.
18 I completed high school.  I don't have any law enforcement
19 training.  I'm single.  I have no children.  I have never
20 served in the military.  I don't have any family that served
21 in the military and I have never served as a juror before.
22    THE COURT:  Okay, thank you.  Okay.  Next juror?
23    JUROR 8:  I'm Juror No. 8.  My name is Colleen
24 Simpson.  I work with the U.S. Department of Agriculture as a
25 soil conservationist.  I completed high school and graduated

11:50AM (lines 1-14)
11:51AM (lines 9-25)

from college with a major in agriculture.  I don't have any

law enforcement training.  I'm single, no children.  Never

served in the military, I did have a couple of brothers that

were in the military in the '60s.  I've served on a jury as an

alternate and I think it was a petit trial, I didn't check

that, and the person pled out.

THE COURT:  Thank you.  Next juror?

JUROR 9:  Number 9, Michelle Cruz-Taisipic.  I'm

an educator for DOE, completed high school as well as college.

I have no law enforcement training.  I am married with one

child.  No military experience, my dad and my brother both

serve in the military, both -- one Navy, one Marines.  I have

served as a juror before for the Superior Court in a criminal

case and yes, we did reach a verdict.

THE COURT:  Okay.  Next juror, number 10.

JUROR 10:  I'm Juror No. 10.  My name is Andrew

Bustamante.  I'm a HVAC-R manager and RME for Green Energy

Solutions.  I have completed high school and also trade

school.  I have no military training.  I am married with two

kids, I have never served in the military.  No immediate

family that served in the military.  I did serve jury at

Superior Court, it was a criminal case, and we did reach a

verdict.

THE COURT:  Thank you, sir.

Okay.  Next juror number, is that number 11?

| | |
|---|---|
| 1 | JUROR 12:  12. |
| 2 | THE COURT:  This is Juror 12.  Okay, thank you. |
| 3 | Juror 12? |
| 4 | JUROR 12:  Number 12, Cecilia Rose Quinene.  I |
| 5 | graduated from college, I am an educator at Guam Department of |
| 6 | Education.  I have never served as a juror.  I was never in |
| 7 | the military, however, my father, my brothers, and my sons |
| 8 | were all military, Navy, Marines, Army, and Air Force. |
| 9 | THE COURT:  Okay.  Thank you very much, Ms. |
| 10 | Quinene.  The next juror is number 13, I think. |
| 11 | JUROR 13:  Yeah, I'm Juror No. 13.  My name is |
| 12 | Darlene Taimanglo.  I'm a special education teacher for DOE. |
| 13 | I did complete graduate school as a teacher for students who |
| 14 | are blind.  I have no law enforcement training.  I am married |
| 15 | with two children.  I have never served in the military, and |
| 16 | none of my immediate family have served in the military, and I |
| 17 | never been a juror before. |
| 18 | THE COURT:  Okay.  Thank you very much.  Then |
| 19 | juror 14. |
| 20 | JUROR 14:  Hello, everybody, I'm Juror 14.  My |
| 21 | name is Rose Ada.  Occupation, housewife, at the present time. |
| 22 | I do have -- no law enforcement, nothing, training, but I do |
| 23 | have -- my husband, Miguel Ada, he served 32 years, reserves, |
| 24 | retired.  I have four children, they all tried for the |
| 25 | military but two was not qualified for it, actually, and I |

The timestamps in the right margin, lines 1–8: 11:53AM; lines 9–24: 11:54AM; line 25: 11:55AM.

```
 1   have never served in a jury.  Thank you.                    11:55AM

 2              THE COURT:  Okay.  All right.  Okay.  On          11:55AM

 3   peremptories, Counsels, then?                                11:55AM

 4              MR. LEON GUERRERO:  One moment, Your Honor.        11:55AM

 5              THE COURT:  The defendant's first.                11:55AM

 6              (Pause.)                                          11:55AM

 7              THE COURT:  You should say defendant's first and  11:56AM

 8   second, but go ahead, but I'll start with the first.         11:56AM

 9              MR. GORMAN:  The defendant's first peremptory      11:56AM

10   would be Christine Quinata.  Thank you.                      11:56AM

11              THE COURT:  Okay.  Number?                         11:56AM

12              MR. GORMAN:  Number five.                          11:56AM

13              THE COURT:  Number five.  Okay, Ms. Quinata,      11:56AM

14   thank you very much for your service.  You're hereby excused. 11:56AM

15   Taking her place will be our next juror, so let's go to -- the 11:56AM

16   next one is Juror No. 15, please.                            11:56AM

17              JUROR 15:  Hi.  I'm Juror No. 15, my name is Joe- 11:56AM

18   Chris Salas Garrido.  I work as a laborer for V.L. Lopez Jr. 11:56AM

19   and Sons.  I did not complete high school, I attended school 11:56AM

20   until 12th grade.  I have no law enforcement training.  I am 11:57AM

21   single.  I have no children.  I never served in the military, 11:57AM

22   my mother served in the military, Army, and this is my first 11:57AM

23   time as a juror.                                             11:57AM

24              THE COURT:  Okay.  Thank you very much.  Defense, 11:57AM

25   Number 2?                                                    11:57AM
```

1          MR. GORMAN:  Your Honor, defense preemptory          11:57AM

2    second would be Ms. Tenorio, number six, thank you.          11:57AM

3          THE COURT:  Number six, please.  Okay.  Thank          11:57AM

4    you.  Ms. Tenorio, you're hereby excused, thank you.  Taking          11:57AM

5    her place will be Juror 16?          11:57AM

6          THE CLERK:  Yes, Your Honor.          11:57AM

7          THE COURT:  Okay.  Go ahead.          11:57AM

8          JUROR 16:  Juror No. 16.  I'm Marteja, Junior,          11:57AM

9    works with DZSP 21 as a plumber.  I completed high school.  No          11:57AM

10   military and law enforcement training.  I've served as a -- a          11:58AM

11   jury at -- with the Superior Court of Guam, no, I don't reach          11:58AM

12   any verdict.          11:58AM

13         THE COURT:  Okay.  Thank you.  Government's          11:58AM

14   first?          11:58AM

15         MR. LEON GUERRERO:  Your Honor, at this time we'd          11:58AM

16   like to thank and excuse Juror No. 15.          11:58AM

17         THE COURT:  Juror No. 15, okay.  Last name again?          11:58AM

18         MR. LEON GUERRERO:  Garrido.          11:58AM

19         THE COURT:  Garrido.  Thank you.  Okay.  Yes, go          11:58AM

20   ahead and proceed.          11:58AM

21         JUROR 19:  Hafa adai, I'm Juror No. 19,          11:58AM

22   Christopher J. Camacho.  I completed high school.  I did not          11:58AM

23   have any law enforcement training.  I'm single.  I do not have          11:58AM

24   children.  My family or my dad served in the military as --          11:59AM

25   the Army and I have never served as a juror before.  Thank          11:59AM

| | | |
|---|---|---|
| 1 | you. | 11:59AM |
| 2 | THE COURT:  Okay, thank you.  Okay, defendant's | 11:59AM |
| 3 | third?  And then after that, fourth. | 11:59AM |
| 4 | (Pause.) | 11:59AM |
| 5 | MR. GORMAN:  Your Honor, defendant's third | 11:59AM |
| 6 | peremptory would be Ms. Taisipic.  Thank you. | 12:00PM |
| 7 | THE COURT:  What number is that? | 12:00PM |
| 8 | MR. GORMAN:  I'm sorry, number nine. | 12:00PM |
| 9 | THE COURT:  Juror No. 9.  Let me pull that. | 12:00PM |
| 10 | Okay, very well.  Thank you, Ms. Taisipic, number 9.  Taking | 12:00PM |
| 11 | her place will be the next juror.  Number and name, please. | 12:00PM |
| 12 | THE CLERK:  Number 21. | 12:00PM |
| 13 | THE COURT:  Yes, sir. | 12:00PM |
| 14 | JUROR 21:  I'm Benny Aguon.  I'm a high school | 12:00PM |
| 15 | grad.  I have two child, I'm married, her name is Lori.  She | 12:00PM |
| 16 | works for the Navy feds.  I have two children.  My oldest son | 12:00PM |
| 17 | is 25, about to join the Army next month, full-time, and my | 12:00PM |
| 18 | daughter, who goes to school, 13 years old.  I have never | 12:00PM |
| 19 | served in the military and in my immediate family is my | 12:00PM |
| 20 | sister, Melissa, full-time Army Guard.  I've never been a | 12:00PM |
| 21 | juror before, and I work for GWA, I'm sorry. | 12:00PM |
| 22 | THE COURT:  Okay.  Thank you very much, Mr. | 12:00PM |
| 23 | Aguon.  Defendant's fourth? | 12:01PM |
| 24 | (Pause.) | 12:01PM |
| 25 | MR. GORMAN:  Your Honor, defendant's fourth | 12:01PM |

| | | |
|---|---|---|
| 1 | peremptory would be number 13, Ms. Taimanglo.  Thank you. | 12:01PM |
| 2 | THE COURT:  Okay, number -- what is it, 13? | 12:01PM |
| 3 | MR. GORMAN:  Number 13. | 12:01PM |
| 4 | THE COURT:  Ms. Taimanglo.  Okay, thank you, Ms. | 12:01PM |
| 5 | Taimanglo.  Have a nice day.  Next juror? | 12:01PM |
| 6 | JUROR 23:  Hello, I'm number 23, Audrey Topasna. | 12:01PM |
| 7 | THE COURT:  Yes. | 12:02PM |
| 8 | JUROR 23:  I work for public health and social | 12:02PM |
| 9 | services as a program coordinator.  I have a -- | 12:02PM |
| 10 | year-and-a-half years of college.  I do not have any law | 12:02PM |
| 11 | enforcement training.  I'm married and I have three children. | 12:02PM |
| 12 | I have never served in the military.  I do have a sister that | 12:02PM |
| 13 | served in the Army and I never been a juror before. | 12:02PM |
| 14 | THE COURT:  Okay.  Thank you.  It was number 13; | 12:02PM |
| 15 | right, that was excused? | 12:02PM |
| 16 | MR. TENORIO:  Yes. | 12:02PM |
| 17 | THE COURT:  Then 23 came on board; right?  Okay. | 12:02PM |
| 18 | Government's second? | 12:02PM |
| 19 | MR. LEON GUERRERO:  Yes, Your Honor.  At this | 12:02PM |
| 20 | time, we'd like to thank and excuse Juror No. 19. | 12:02PM |
| 21 | THE COURT:  19, okay.  Thank you.  That's | 12:02PM |
| 22 | Mr. Camacho.  Have a nice day, Mr. Camacho.  Thank you.  Next | 12:02PM |
| 23 | juror? | 12:02PM |
| 24 | JUROR 24:  Juror No. 24, my name is Marissa | 12:03PM |
| 25 | Quinata.  I'm currently not employed right now, I completed | 12:03PM |

```
 1   high school, never had any law enforcement training.  I'm        12:03PM
 2   single, no children.  Never served in the military, none of my   12:03PM
 3   family members are serving in the military and I have never      12:03PM
 4   served as a juror before.                                        12:03PM
 5               THE COURT:  Okay.  Thank you.  Defendant's fifth?     12:03PM
 6               (Pause.)                                              12:03PM
 7               MR. GORMAN:  Your Honor, defendant's fifth            12:04PM
 8   peremptory would be number 21, Mr. Aguon.                        12:04PM
 9               THE COURT:  Number 21.  Okay.  Thank you, sir.        12:04PM
10   You are hereby excused and let me pull your...                   12:04PM
11               JUROR 25:  Good morning.                             12:04PM
12               THE COURT:  Okay.  Next juror?                       12:04PM
13               JUROR 25:  Sorry, Your Honor, good morning.  My      12:04PM
14   number is 25.                                                    12:04PM
15               THE COURT:  Yes.                                     12:04PM
16               JUROR 25:  My name is Bruno B. Cases, I work at      12:04PM
17   Department of Agriculture.                                       12:04PM
18               THE COURT:  Yes.                                     12:04PM
19               JUROR 25:  I have completed high school and          12:04PM
20   college, no law enforcement training.  I'm married, with four   12:04PM
21   kids.  I don't serve in military and this is my first time      12:04PM
22   being selected.                                                  12:04PM
23               THE COURT:  Okay.  Thank you, sir.  Defendant's      12:05PM
24   sixth?  Counsels, I thought we weren't gonna be able to push    12:05PM
25   it but I think we can finish jury selection today, so let's      12:05PM
```

| | | |
|---|---|---|
| 1 | just try to push through. | 12:05PM |
| 2 | (Pause.) | 12:05PM |
| 3 | THE COURT:  Brian? | 12:05PM |
| 4 | (Discussion with law clerk.) | 12:05PM |
| 5 | (Pause.) | 12:05PM |
| 6 | THE COURT:  Okay.  Are we at defendant's sixth? | 12:05PM |
| 7 | MR. GORMAN:  Yes. | 12:06PM |
| 8 | THE COURT:  Yes, Mr. Gorman? | 12:06PM |
| 9 | (Pause.) | 12:06PM |
| 10 | MR. GORMAN:  Your Honor, defendant's six would be | 12:06PM |
| 11 | number 28, Ms. Augustine. | 12:06PM |
| 12 | THE COURT:  Number what? | 12:06PM |
| 13 | MR. GORMAN:  Thank you. | 12:06PM |
| 14 | THE COURT:  Twenty what? | 12:06PM |
| 15 | MS. GORMAN:  28. | 12:06PM |
| 16 | MR. TENORIO:  We haven't gotten to her. | 12:06PM |
| 17 | THE COURT:  Oh, we haven't got to 28 yet. | 12:06PM |
| 18 | MR. GORMAN:  Oh, I see. | 12:06PM |
| 19 | THE COURT:  I think the farthest we went is 25, | 12:07PM |
| 20 | Mr. -- | 12:07PM |
| 21 | MR. GORMAN:  Where did we stop, 25? | 12:07PM |
| 22 | MR. TENORIO:  Yes, we stopped at 25. | 12:07PM |
| 23 | THE COURT:  Yeah, so Mr. Gorman, it's whoever is | 12:07PM |
| 24 | in the jury box, then the row right in front of it, with the | 12:07PM |
| 25 | exception of the last one, I think, with the exception of 25. | 12:07PM |

|    |                                                                  |         |
|----|------------------------------------------------------------------|---------|
| 1  | MR. GORMAN:  Nothing more at this time, Your                     | 12:07PM |
| 2  | Honor.                                                           | 12:07PM |
| 3  | THE COURT:  Okay.  So you pass?                                  | 12:07PM |
| 4  | MR. GORMAN:  Yes.                                                | 12:07PM |
| 5  | THE COURT:  Defense passes.  Government's third?                | 12:07PM |
| 6  | MR. LEON GUERRERO:  Yes, Your Honor.  At this                   | 12:07PM |
| 7  | time, we'd like to thank and excuse Juror No. 26 -- or I'm      | 12:07PM |
| 8  | sorry, 24.  24, sorry.                                          | 12:07PM |
| 9  | THE COURT:  24, okay.  Thank you very much, Ms.                 | 12:07PM |
| 10 | Espinoza, 24.  Taking her place is?  Next juror?                | 12:07PM |
| 11 | MR. TENORIO:  28.                                               | 12:07PM |
| 12 | THE COURT:  Your juror number?                                  | 12:07PM |
| 13 | JUROR 28:  28, Your Honor.                                      | 12:07PM |
| 14 | THE COURT:  Yes, go ahead.                                      | 12:07PM |
| 15 | JUROR 28:  Joanne Augustine.                                    | 12:07PM |
| 16 | THE COURT:  Yes.                                                | 12:07PM |
| 17 | JUROR 28:  Advocate supervisor at the office of                | 12:07PM |
| 18 | the Attorney General, Victims Service Center.                   | 12:08PM |
| 19 | THE COURT:  Right.                                              | 12:08PM |
| 20 | JUROR 28:  I completed high school, I did not                  | 12:08PM |
| 21 | have any law enforcement training.  Single, I have two          | 12:08PM |
| 22 | children.  Never served in the military, don't have any        | 12:08PM |
| 23 | immediate family member in the military.  I have served as a    | 12:08PM |
| 24 | juror before, petit jury here at the District Court of Guam.    | 12:08PM |
| 25 | It was a criminal case and we did reach a verdict.             | 12:08PM |

| | |
|---|---|
| 1 | THE COURT:  Okay.  Thank you very much, Ms. | 12:08PM |
| 2 | Augustine.  Okay.  Defendant's seventh? | 12:08PM |
| 3 | MR. GORMAN:  Defendant's -- I'm sorry, | 12:08PM |
| 4 | defendant's seventh would be Ms. Augustine, No. 28, thank you. | 12:08PM |
| 5 | THE COURT:  28?  Thank you very much, Ms. | 12:08PM |
| 6 | Augustine.  Have a nice day.  Okay.  Take care.  The next | 12:08PM |
| 7 | juror? | 12:08PM |
| 8 | JUROR 30:  Yes.  Hi, my name is Ana Kilroy.  I'm | 12:08PM |
| 9 | Juror No. 30.  I'm not working at the moment.  I completed | 12:09PM |
| 10 | high school and I have a CNA degree, certified nursing | 12:09PM |
| 11 | assistant.  I never had law enforcement training.  I'm married | 12:09PM |
| 12 | to -- I'm married and I have one son.  And my -- my husband is | 12:09PM |
| 13 | the one that served in the military, Coast Guard. | 12:09PM |
| 14 | THE COURT:  Okay.  Thank you very much. | 12:09PM |
| 15 | Prosecutor's fourth? | 12:09PM |
| 16 | MR. LEON GUERRERO:  If I could just have one | 12:09PM |
| 17 | moment, Your Honor. | 12:09PM |
| 18 | (Pause.) | 12:09PM |
| 19 | MR. LEON GUERRERO:  Your Honor, the government | 12:09PM |
| 20 | will pass. | 12:09PM |
| 21 | THE COURT:  Pass.  Defendant's eight?  Okay. | 12:09PM |
| 22 | Just an FYI, this is Ms. Kilroy, and thank you -- Walter just | 12:09PM |
| 23 | reminded me, she's the one that has a ticket for Monday. | 12:09PM |
| 24 | MR. GORMAN:  Yeah.  Should we revisit the issue | 12:09PM |
| 25 | of cause for Ms. Kilroy? | 12:10PM |

| | | |
|---|---|---|
| 1 | THE COURT:  I'll go ahead and excuse you for | 12:10PM |
| 2 | cause then, I'll just do that.  I'll excuse you for cause, Ms. | 12:10PM |
| 3 | Kilroy, and we'll move to the next juror. | 12:10PM |
| 4 | JUROR 31:  I'm Juror No. 31, Joseph John Campos, | 12:10PM |
| 5 | I'm a farm apprentice at Farm to Table.  I did not complete | 12:10PM |
| 6 | high school.  I do not have any law enforcement training.  I'm | 12:10PM |
| 7 | single, I have no children.  I have never served in the | 12:10PM |
| 8 | military, I have a brother that served in the Air Force, and I | 12:10PM |
| 9 | never did reach a jury. | 12:10PM |
| 10 | THE COURT:  Okay.  Very well.  Thank you -- | 12:10PM |
| 11 | prosecutor -- let's see.  Defendant's eight? | 12:10PM |
| 12 | MR. GORMAN:  Your Honor, we'll pass on the | 12:10PM |
| 13 | eighth. | 12:10PM |
| 14 | THE COURT:  Pass.  Prosecutor's fifth? | 12:10PM |
| 15 | MR. LEON GUERRERO:  Yes, Your Honor.  We'd like | 12:10PM |
| 16 | to thank and excuse -- | 12:10PM |
| 17 | THE COURT:  Wait, wait, wait.  I'm sorry, we have | 12:10PM |
| 18 | the government's fourth and the defendant's eighth, right, you | 12:10PM |
| 19 | both were passes? | 12:10PM |
| 20 | MR. GORMAN:  Yes. | 12:10PM |
| 21 | THE COURT:  Okay, so this is the jury, Counsels, | 12:11PM |
| 22 | right here.  Two consecutive passes. | 12:11PM |
| 23 | MR. GORMAN:  Mm-hmm. | 12:11PM |
| 24 | THE COURT:  Okay.  This is the jury.  So let's | 12:11PM |
| 25 | just do the alternates then.  Can I have you guys -- so yeah, | 12:11PM |

```
 1   Walter, go ahead and direct them.  Move over.                    12:11PM
 2               (Pause.)                                             12:11PM
 3               THE COURT:  Wow, we're 12 minutes behind schedule    12:11PM
 4   but we're doing it.  Thank you, Counsels.  I don't want to       12:11PM
 5   make all you guys come back if you don't have to come back,      12:11PM
 6   the people in the back.                                          12:11PM
 7               (Pause.)                                             12:11PM
 8               THE COURT:  All right.  Let's put up the four        12:11PM
 9   alternates then, so...                                           12:11PM
10               THE CLERK:  Your Honor, we want to be sure that      12:11PM
11   we have the correct --                                           12:11PM
12               THE COURT:  Yeah.  Thank you, Lani.                  12:11PM
13                  (Discussion with clerk.)                          12:11PM
14          MR. LEON GUERRERO:  Your Honor, two or four?              12:11PM
15               THE CLERK:  Sorry, Your Honor, we want to make       12:11PM
16   sure they have their correct seats.                              12:11PM
17               THE COURT:  Thank you, Lani.  Just go in            12:12PM
18   numerical order.  So like, you know, one, two, three, four,     12:12PM
19   whatever; is that 12 jurors there?  Okay, so then we're going   12:12PM
20   to -- can we move you --                                         12:12PM
21               MR. TENORIO:  You want them to move down here?       12:12PM
22               THE COURT:  No, can we move you just move over to    12:12PM
23   the -- we'll put him in the front.  Can you move over there?    12:12PM
24   Okay.  We'll -- keep going.  Right there is good.  Okay.  Then  12:12PM
25   I'll get the next juror in line coming up.  What's the next --  12:12PM
```

1   what is your number, sir?                                    12:12PM

2           JUROR 32:  32.                                       12:12PM

3           THE COURT:  32, can I get 33, 34, 35 -- 32, 33,      12:12PM

4   34, 35.  Is that right?  Are we going to get two alternates or  12:12PM

5   four alternates?                                             12:13PM

6           MR. GORMAN:  I think two would be my                 12:13PM

7   recommendation.  I'm sorry, Your Honor, my recommendation    12:13PM

8   would be two.                                                12:13PM

9           MR. LEON GUERRERO:  Two, Your Honor, is fine with    12:13PM

10  the government.                                              12:13PM

11          THE COURT:  Okay.  So then we have to get some       12:13PM

12  more alternates, yeah.  So they've each have -- the          12:13PM

13  peremptories are -- they get two peremptories each.  So we   12:13PM

14  need -- four more.  Four more.                               12:13PM

15          MR. GORMAN:  I'm sorry --                            12:13PM

16          THE COURT:  Right?                                   12:13PM

17          MR. GORMAN:  Two more.                               12:13PM

18          THE COURT:  Two more, that's right.  I'm sorry.      12:13PM

19  So what do we have there, what's the numbers again?  Okay, 36,  12:13PM

20  37.                                                          12:13PM

21          THE CLERK:  36 and 37 have been excused, Your        12:13PM

22  Honor, so next would be 39.                                  12:14PM

23          THE COURT:  38, 39.  Okay, so we're going to         12:14PM

24  select two alternates out of this -- of these six.  May I just  12:14PM

25  have you all go down the line and just introduce yourselves  12:14PM

1   with your questionnaires, state your number and your name and    12:14PM
2   go ahead.                                                         12:14PM
3               JUROR 32:  Hafa adai, number 32, Cruz, Ray            12:14PM
4   Thomas, I'm currently occupied as an iron worker at CW Watts,     12:14PM
5   I attended till grade 12.  No law enforcement training,           12:14PM
6   single, no children, no military, no family in the military,      12:14PM
7   no prior experience as a juror.                                   12:14PM
8               THE COURT:  Thank you, sir.  Next juror, number?      12:14PM
9               JUROR 33:  Good morning.  I'm Reynaldo Carlos,         12:14PM
10  I'm a mechanic.  I'm working at Black Construction                12:14PM
11  Corporation.  I finished high school.  I do not have law          12:14PM
12  enforcement training.  I'm single.  I've got two children.  No    12:14PM
13  military background, and no member of the military, my family.    12:14PM
14  I served as a juror at the Superior Court of Guam.  We've got     12:14PM
15  a grand jury criminal case and we did reach the verdict.          12:15PM
16              THE COURT:  Okay.  You're number 33; right?           12:15PM
17              JUROR 33:  Yes, ma'am.                                 12:15PM
18              THE COURT:  Next juror, number?                        12:15PM
19              JUROR 34:  Number 34, my name is Laura Stephens,       12:15PM
20  I'm a teacher at Harvest Ministries.  I've completed high         12:15PM
21  school, college, and a master's degree in education.  I have      12:15PM
22  no law enforcement training, I'm single, I have no biological     12:15PM
23  children but I have a foster son.  No military training, no       12:15PM
24  family in the military, and I have never served as a juror.       12:15PM
25              THE COURT:  Okay.  Thank you, ma'am.                   12:15PM

1          Okay.  Next juror, number?                    12:15PM

2          JUROR 35:  I'm Juror 35, my name is Ricard Paul    12:15PM

3   Balajadia, I'm a retired Gov Guam employee.  I graduated with    12:15PM

4   an elementary education degree.  No law enforcement training.    12:15PM

5   I'm married with two children, and I was in the Air Force, and    12:15PM

6   I never been -- or never served as a jury before -- or juror.    12:15PM

7          THE COURT:  Okay.  Sir -- next juror, number?    12:16PM

8          JUROR 38:  38, my name is Rosita Borja.  I'm    12:16PM

9   divorced, and I have five kids, I didn't graduate, I just    12:16PM

10  finished ninth grade.                                   12:16PM

11         THE COURT:  Okay.  Thank you -- and you never    12:16PM

12  served as a juror, is that what you said?               12:16PM

13         JUROR 38:  Yeah, I didn't serve.               12:16PM

14         THE COURT:  Okay.  Thank you.  All right.  Next    12:16PM

15  juror.                                                  12:16PM

16         JUROR 39:  Number 39, my name is Linda Wusstig.    12:16PM

17  I'm a house wife, I'm married, I have two kids.  I didn't    12:16PM

18  serve in the law enforcement training and I did serve in the    12:16PM

19  jury and we did come to a verdict.                      12:16PM

20         THE COURT:  Okay.  Thank you very much.  All    12:16PM

21  right.  Defendant's first on alternates?                12:16PM

22         MR. GORMAN:  Your Honor, the defendant excuses    12:16PM

23  Juror No. 34, Ms. Stephens, thank you.                  12:16PM

24         THE COURT:  Ms. Stephens, thank you very much.    12:16PM

25  Government's first?                                     12:17PM

```
 1              MR. LEON GUERRERO:  Yes, Your Honor, we'd like to    12:17PM
 2    thank and excuse Juror No. 32.                                  12:17PM
 3              THE COURT:  32, okay.  Juror No. 32, thank you,       12:17PM
 4    sir.  Have a nice day, Mr. Cruz.  Okay.  Defendant's second?    12:17PM
 5              (Pause.)                                              12:17PM
 6              MR. GORMAN:  Your Honor, defense will pass.           12:17PM
 7              THE COURT:  Okay.  Defendant's passing.               12:17PM
 8    Government's second?                                            12:17PM
 9              MR. LEON GUERRERO:  We'd like to thank and excuse     12:17PM
10    Juror No. 33.                                                   12:17PM
11              THE COURT:  Number 33, okay.  Thank you, sir.         12:17PM
12              JUROR 33:  Thank you, Your Honor.                     12:18PM
13              THE COURT:  Okay.  Have a nice day.  We'll -- do      12:18PM
14    you want to exercise your pass?                                 12:18PM
15              MR. GORMAN:  Your Honor, defense would excuse No.     12:18PM
16    38, Ms. Borja.  Thank you.                                      12:18PM
17              THE COURT:  Ms. Borja.  Okay.  Thank you, Ms.         12:18PM
18    Borja, 38.  Okay.  We've got our jury.  That was -- we're       12:18PM
19    done.  All right.  Ladies and gentlemen, so you are two         12:18PM
20    alternates here.  Okay.  But let me just say, I want to thank   12:18PM
21    everyone for your time and patience in sitting for jury         12:18PM
22    selection today.  This is a very important civic duty and I     12:19PM
23    thank each of you for your attention.  For those who are        12:19PM
24    seated in the back, you're not selected today but you may be    12:19PM
25    called for our next trial, which we're going to have in a       12:19PM
```

| | |
|---|---|
| 1 | couple weeks -- but I guess not, you probably won't be called | 12:19PM |
| 2 | for that one, but you may be called for another one.  So I'd | 12:19PM |
| 3 | like to excuse all the jurors seated in the back.  Take care. | 12:19PM |
| 4 | Hold on, ladies and gentlemen, I just want to pull up one | 12:20PM |
| 5 | instruction. | 12:20PM |
| 6 | (Pause.) | 12:20PM |
| 7 | THE COURT:  All right.  Ladies and gentlemen, so | 12:21PM |
| 8 | we have our 12 jurors and our two alternates, so we're going | 12:21PM |
| 9 | to begin tomorrow morning for -- first of all, you'll get | 12:21PM |
| 10 | sworn in tomorrow morning and then we'll go into opening | 12:21PM |
| 11 | statements and then the prosecutor will present their case in | 12:21PM |
| 12 | chief and we'll proceed on tomorrow.  I'll ask all of you to | 12:21PM |
| 13 | be here no later than... well, 9:30 -- 9:45, no later -- 9:45 | 12:21PM |
| 14 | is okay with you, Walter or Lani?  We'll just start at 10:15, | 12:21PM |
| 15 | okay. | 12:21PM |
| 16 | MS. TENORIO:  Yeah, that's all right. | 12:21PM |
| 17 | THE COURT:  Okay.  So -- | 12:21PM |
| 18 | MR. GORMAN:  Your Honor, may I be heard briefly? | 12:21PM |
| 19 | THE COURT:  Okay. | 12:21PM |
| 20 | MR. GORMAN:  Briefly at sidebar. | 12:21PM |
| 21 | THE COURT:  Okay.  Yeah. | 12:21PM |
| 22 | (Discussion with clerk.) | 12:21PM |
| 23 | (Sidebar.) | 12:21PM |
| 24 | THE COURT:  Yes? | 12:21PM |
| 25 | MR. GORMAN:  Just on the time, we have a | 12:21PM |

1   sentencing, are we going to do an hour to look at that --    12:21PM

2              THE COURT:  Yeah.  Yeah, we've got to look at     12:21PM

3   that.                                                        12:22PM

4              MR. LEON GUERRERO:  What we could do, Your Honor, 12:22PM

5   is we can go to a statement -- go to our first witness because 12:22PM

6   I really think that topic is going to be for the second     12:22PM

7   witness, so I think after we close with the first witness,   12:22PM

8   Adam Ring, we can take a short recess just to go over --     12:22PM

9              MR. GORMAN:  It's an hour, she's got the whole    12:22PM

10  thing.                                                       12:22PM

11             THE COURT:  Okay, but let's assume that he's      12:22PM

12  right on the law, which I think he is, I'd like you to look at 12:22PM

13  if there's anything in there that you felt like that he's    12:22PM

14  wrong about in terms of... inadmissible hearsay.  So then we 12:22PM

15  could just -- you know, kill two birds with one stone, I'll  12:22PM

16  listen to it anyway but I know you're objecting to all of it 12:22PM

17  in general, but assuming he's right on the law, we're going to 12:22PM

18  pull up the cases, I haven't had a chance to look at it.  Can 12:22PM

19  he do that?                                                  12:22PM

20             MR. LEON GUERRERO:  Yeah.  One thing I do want -- 12:22PM

21  at least Mr. Gorman is aware of it, I know with respect to the 12:22PM

22  party's opening statement.                                   12:22PM

23             THE COURT:  Yeah.                                 12:22PM

24             MR. LEON GUERRERO:  He really doesn't have to     12:22PM

25  admit to anything, just the fact that he made a statement -- 12:22PM

|   |   |   |
|---|---|---|
| 1 | THE COURT:  You're saying anything in a statement | 12:23PM |
| 2 | by a party opponent but then you look at relevance, I think, | 12:23PM |
| 3 | maybe. | 12:23PM |
| 4 | MR. LEON GUERRERO:  Even whether it's relevant or | 12:23PM |
| 5 | not. | 12:23PM |
| 6 | THE COURT:  So all of that is completely out? | 12:23PM |
| 7 | Any statement by party opponent, that's what you're saying | 12:23PM |
| 8 | unless it's exculpatory? | 12:23PM |
| 9 | MR. LEON GUERRERO:  Yes. | 12:23PM |
| 10 | THE COURT:  That's what you're saying? | 12:23PM |
| 11 | MR. LEON GUERRERO:  Yeah. | 12:23PM |
| 12 | THE COURT:  Okay. | 12:23PM |
| 13 | MR. LEON GUERRERO:  But -- | 12:23PM |
| 14 | MR. GORMAN:  Yeah. | 12:23PM |
| 15 | MR. LEON GUERRERO:  The rules, Your Honor. | 12:23PM |
| 16 | MR. GORMAN:  Yeah, look at the whole -- the Rule | 12:23PM |
| 17 | of Completeness is fairness. | 12:23PM |
| 18 | MR. LEON GUERRERO:  Doesn't have to admit -- | 12:23PM |
| 19 | THE COURT:  He's right, I don't want to waste | 12:23PM |
| 20 | time doing this unless you -- I want you to look at the law | 12:23PM |
| 21 | too. | 12:23PM |
| 22 | MR. GORMAN:  Mm-hmm. | 12:23PM |
| 23 | THE COURT:  And look at the statements but I'll | 12:23PM |
| 24 | look at that, so if it's any statement that's otherwise | 12:23PM |
| 25 | exculpatory, that's what you're saying? | 12:23PM |

1      MR. LEON GUERRERO:  Yes, because it's our          12:23PM

2  position that all those other statements are self-serving or   12:23PM

3  not relevant to the issues as to this defendant.       12:23PM

4      THE COURT:  But you're saying all other           12:23PM

5  statements are self-serving that you excluded?  That's what   12:23PM

6  you --                                                 12:23PM

7      MR. GORMAN:  That's not true, it's a long-ranging  12:23PM

8  interview that takes place --                          12:23PM

9      THE COURT:  Wait, wait, that's what he presents.   12:23PM

10     MR. GORMAN:  Yeah.                                  12:23PM

11     THE COURT:  Initially, I think.                     12:23PM

12     MR. LEON GUERRERO:  So -- so just to at least       12:24PM

13  make it clear because it was a long interview, there was a lot  12:24PM

14  of different things talked about, his daughters, his   12:24PM

15  stepdaughters, et cetera.  So it's really our position that   12:24PM

16  there was other self-serving statements but all the other   12:24PM

17  statements that they discuss, we just don't think it's   12:24PM

18  relevant as it pertains to the charges and the elements that   12:24PM

19  defendant is facing and because it's not relevant and in some   12:24PM

20  parts are self-serving, we exclude that from the edited   12:24PM

21  version, the edited version that we have are the ones that we   12:24PM

22  say are part of the --                                 12:24PM

23     THE COURT:  So you guys have the time this          12:24PM

24  afternoon, you guys figure it out.  What you guys do --   12:24PM

25  because we've got a lot of time between now and tomorrow.   12:24PM

1   Review all the statements and then break it down so I know                    12:24PM

2   where they are -- I mean, what they are like, if there's a                     12:24PM

3   chunk from -- say the interview started at 8:00 a.m. and ended                 12:24PM

4   at 9:00, so from 8:05 to 8:10, this was what was stated, we'll                 12:24PM

5   go through that and I can listen to that.  I'll listen to the                  12:24PM

6   ones that are objected to, we'll do that, but I want to -- I                   12:25PM

7   just want to save time -- to the extent you can agree, okay,                   12:25PM

8   we'll keep this in or I agree should be kept out, that's fine,                 12:25PM

9   but you -- I may -- I don't know, I have to look -- I'm going                  12:25PM

10  to look at what the case law says, I want to make sure it                      12:25PM

11  hasn't changed, and then you're the one that's making the                      12:25PM

12  objection, Mr. Gorman, so you guys work it out.                                12:25PM

13          And then let's assume you agree that something                         12:25PM

14  that you just said is not true, that it actually is relevant                   12:25PM

15  and you agree with Gorman and it's not within the video,                       12:25PM

16  extracted video, you might have to add that in, so I'm going                   12:25PM

17  to give you guys time to work that out tonight.                                12:25PM

18          MR. GORMAN:  So there's actually two issues:  So                       12:25PM

19  he wants to keep out everything that's exculpatory, that I                     12:25PM

20  think he's probably on fairly safe grounds, that's like very                   12:25PM

21  little.                                                                        12:26PM

22          THE COURT:  You agree with that?                                       12:26PM

23          MR. GORMAN:  I'll concede that for now.  So any                        12:26PM

24  clear exculpatory, I get, but the whole rest of it, the whole                  12:26PM

25  investigation that's not relevant, we're allowed to look at                    12:26PM

1   the investigation.                                                12:26PM

2           THE COURT:  So I'm not sure exactly what are you          12:26PM

3   talking about, what did he say?                                  12:26PM

4           MR. GORMAN:  He said two things, he said some of          12:26PM

5   the interviews are exculpatory, they should be kept out, and     12:26PM

6   the rest is irrelevant.  That is -- and so the exculpatory,      12:26PM

7   all right, we'll give him that, that's a very little portion     12:26PM

8   of it, if there is any.  The rest of it is just the              12:26PM

9   investigation, we have a right to look at investigation,         12:26PM

10  that's what it is, that's relevant, of course, it is.  This      12:26PM

11  case is about -- so yeah.                                        12:26PM

12          THE COURT:  I don't think he's saying you don't          12:26PM

13  have to look at the investigation.  The question is what --      12:26PM

14          MR. GORMAN:  We have a right to have the jury            12:26PM

15  look at the investigation, have questions regarding it.  He      12:26PM

16  doesn't -- all he wants is just defendants exculpatory           12:26PM

17  statements and everything else -- that's not true, that's not    12:26PM

18  the state of law, we are allowed to look at an investigation     12:26PM

19  in a criminal case, of course.                                   12:27PM

20          MR. LEON GUERRERO:  It's --                              12:27PM

21          THE COURT:  The difference between -- wait, just         12:27PM

22  a minute.  The difference between looking at it and exposing     12:27PM

23  the jury to it.                                                  12:27PM

24          MR. GORMAN:  Expose the jury to it, yes, that's          12:27PM

25  what I mean.                                                     12:27PM

|   |   |   |
|---|---|---|
| 1 | THE COURT:  Okay. | 12:27PM |
| 2 | MR. LEON GUERRERO:  I'm just saying that if it's | 12:27PM |
| 3 | hearsay, under statements against -- statements that are | 12:27PM |
| 4 | exculpatory or even statements like under the rule where it | 12:27PM |
| 5 | says in the commentary where he doesn't have to admit to | 12:27PM |
| 6 | anything, but it's not deemed relevant, I don't think how -- I | 12:27PM |
| 7 | don't see how -- | 12:27PM |
| 8 | THE COURT:  I need to know what the statements | 12:27PM |
| 9 | are.  I've gotta be able to categorize them.  You know, Gorman | 12:27PM |
| 10 | may say one thing, you may say another thing, I'm saying any | 12:27PM |
| 11 | statement, I'm going to double-check the law on that.  You | 12:27PM |
| 12 | guys do it by -- you're the type of guys that should know | 12:27PM |
| 13 | where to go in the full video tape, right, it's a video? | 12:27PM |
| 14 | MR. LEON GUERRERO:  Yeah, so I mean -- | 12:27PM |
| 15 | THE COURT:  In the videotape. | 12:27PM |
| 16 | MR. LEON GUERRERO:  So I really do think it's on | 12:27PM |
| 17 | Counsel, Your Honor, to -- because we already edited -- we | 12:27PM |
| 18 | already took the time to edit. | 12:27PM |
| 19 | THE COURT:  Right. | 12:27PM |
| 20 | MR. LEON GUERRERO:  To go through the interview | 12:27PM |
| 21 | and edit the portions that we felt come under -- | 12:27PM |
| 22 | THE COURT:  I agree, but he's -- he's saying that | 12:28PM |
| 23 | he has specific objections, maybe you might agree with him, | 12:28PM |
| 24 | you guys just need to talk to each other.  I'm just saying | 12:28PM |
| 25 | take the time to talk to each other so we don't have to keep | 12:28PM |

```
 1   the jurors waiting.                                          12:28PM
 2            MR. LEON GUERRERO:  Yes, Your Honor.                12:28PM
 3            THE COURT:  To the extent you can agree, fix it,    12:28PM
 4   if you can't, then maybe you might agree to some of it but not 12:28PM
 5   all of it and then what you don't agree to and you want me to 12:28PM
 6   rule on, I'll likely do that but I need to look at the       12:28PM
 7   statements.  Okay.                                           12:28PM
 8                 (Discussion with law clerk.)                   12:28PM
 9            THE COURT:  Do we have copies of the full video     12:28PM
10   and edited -- do we have copies of that?                     12:28PM
11            MR. LEON GUERRERO:  We'll get it to you, Your       12:28PM
12   Honor, right -- do you want us to give it to your law clerk? 12:28PM
13            LAW CLERK:  As long as she's giving it to Carmen,   12:28PM
14   we'll --                                                     12:28PM
15            THE COURT:  The full video and extracted one,       12:28PM
16   we'll do both, but in the meantime, you guys do your work too, 12:28PM
17   please.  All right.                                          12:28PM
18                 (End of sidebar.)                              12:28PM
19            THE COURT:  All right.  Thank you, ladies and       12:28PM
20   gentlemen.  So, again, we're going to recess at this time, I 12:28PM
21   want you to have a nice lunch.  Let me just, first of all,   12:29PM
22   remind you do not discuss this case with anyone, including   12:29PM
23   your fellow jurors, members of your family, people involved in 12:29PM
24   the trial, or anyone else, and do not allow others to discuss 12:29PM
25   the case with you.  This includes discussing the case in     12:29PM
```

1   person, in writing, by phone, or electronic means, via e-mail,   12:29PM

2   via text messaging, or any internet chat room, blog, website,   12:29PM

3   or application, including but not limited to Facebook,   12:29PM

4   YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other   12:29PM

5   forms of social media.  So I don't want you to get on social   12:29PM

6   media and say, "Hey, guess what, I'm in trial today at the   12:29PM

7   District Court."  Don't do that, okay?  Don't say anything   12:29PM

8   about the trial.  If anyone tries to communicate with you   12:29PM

9   about the case, please let me know immediately.  Do not read,   12:29PM

10  watch, or listen to any news reports or other accounts about   12:29PM

11  the trial or anyone associated with it, including any online   12:29PM

12  information.   12:29PM

13          Ladies and gentlemen, please do not do any   12:29PM

14  research such as consulting the dictionary, searching the   12:30PM

15  internet, or using other reference materials, and do not make   12:30PM

16  any investigation about the case on your own.   12:30PM

17          Finally, ladies and gentlemen, please keep an   12:30PM

18  open mind until all the evidence has been presented and you   12:30PM

19  have heard the arguments of Counsel, my instructions on the   12:30PM

20  law, and the views of your fellow jurors.  If you need to   12:30PM

21  speak to me on anything about the case, simply give a signed   12:30PM

22  note to the marshal or bailiff or the clerk.  So we'll have --   12:30PM

23  the marshals will -- tomorrow will be sworn in along with some   12:30PM

24  of the court security officers.  So report -- Lani, where will   12:30PM

25  they report tomorrow?  Here, to the jury deliberation room?   12:30PM

| | | |
|---|---|---|
| 1 | MS. HERNANDEZ: Yes, Your Honor. | 12:30PM |
| 2 | THE COURT: Okay. So ladies and gentlemen, I'm | 12:30PM |
| 3 | going to have my clerk and my jury administrator -- they will | 12:30PM |
| 4 | show you where the jury deliberation room is, so they'll | 12:30PM |
| 5 | report there first? | 12:30PM |
| 6 | MS. HERNANDEZ: Yes, Your Honor, I will give them | 12:30PM |
| 7 | instructions while you continue in court, yes. | 12:30PM |
| 8 | THE COURT: Okay. So Ms. Hernandez will give you | 12:30PM |
| 9 | instructions. May I just recommend that you wear like a | 12:31PM |
| 10 | little cardigan or a little jacket, sometimes it gets cold in | 12:31PM |
| 11 | here, so -- and it might get cold in the courtroom or cold in | 12:31PM |
| 12 | the jury deliberation room. Okay. I guess that's it, dress | 12:31PM |
| 13 | comfortably, and again, tomorrow we will provide you with | 12:31PM |
| 14 | snacks and -- for the morning and the afternoon. All right. | 12:31PM |
| 15 | And then when you begin to deliberate, we'll provide lunch, so | 12:31PM |
| 16 | I'm not sure when you'll deliberate. It's possible you'll | 12:31PM |
| 17 | begin to deliberate tomorrow but I'm not sure, but you | 12:31PM |
| 18 | definitely will start at 10:15, so report in at 9:45, okay? | 12:31PM |
| 19 | Anything further, Counsels? | 12:31PM |
| 20 | MR. LEON GUERRERO: Nothing from the government, | 12:31PM |
| 21 | Your Honor. | 12:31PM |
| 22 | THE COURT: Okay. | 12:31PM |
| 23 | MR. GORMAN: Nothing from the defense. | 12:31PM |
| 24 | THE COURT: All right. Thank you. Please rise | 12:31PM |
| 25 | for the jury. | 12:31PM |

<pre>
 1              (Jury out at 12:32 p.m.)                    12:32PM

 2              THE COURT:  That's it.  Thank you.  See you guys    12:32PM

 3    tomorrow.                                             12:32PM

 4              THE CLERK:  The Court is in recess.         12:32PM

 5              (Proceedings concluded at 12:32 p.m.)       12:32PM

 6                          *  *  *

 7    -------------------------------------------------

 8              CERTIFICATE OF OFFICIAL REPORTER

 9

10    CITY OF HAGATNA          )
                               )  ss.
11    TERRITORY OF GUAM        )

12

13         I, Veronica F. Flores, Official Court Reporter for

14    the United States District Court of Guam, do hereby certify

15    the foregoing pages, 1 to 93, to be a true and correct

16    transcript of the proceedings held in the above-entitled

17    matter to the best of my ability.

18              Dated this 23rd day of April 2020.

19

20                        /s/Veronica F. Flores
                          Veronica F. Flores
21

22

23

24

25
</pre>